1  DAVID E. MASTAGNI, Esq. (SBN 204244)
   ISAAC STEVENS, Esq. (SBN 251245)
2  ACE T. TATE, Esq. (SBN 262015)
   **MASTAGNI HOLSTEDT**
3  *A Professional Corporation*
   1912 I Street
4  Sacramento, California 95811-3151
   Telephone: (916) 446-4692
5  Facsimile: (916) 447-4614

6  Attorneys for Plaintiff
   Ray Strong
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11                                      ) Case No.:
                                        )
   RAY STRONG, on behalf of himself     )
12 and all similarly situated individuals, ) [CLASS ACTION & COLLECTIVE
                                        ) ACTION]
13          Plaintiffs,                 )
                                        ) **COMPLAINT FOR:**
14      vs.                             ) **1. Violations of the Fair Labor**
                                        ) **Standards Act (29 U.S.C. § 201 *et seq.*);**
15                                      ) **2.  Failure to Timely Pay Wages when Due**
   C & H SUGAR COMPANY, INC.;           ) **(Cal. Labor Code Cal. Labor Code §§204,**
16 AMERICAN SUGAR REFINING, INC.;       ) **210)**
   and DOES 1-100 inclusive             ) **3.  Failure to Pay Wages pursuant to Statute**
17                                      ) **or Contract (Cal. Labor Code Cal. Labor**
          Defendants.                   ) **Code §§221, 222, 223, 225.5)**
18                                      ) **4. Failure to Pay Full Wages When Due**
                                        ) **(Cal. Labor Code §§ 201, 202, 203);**
19                                      ) **5. Failure to Adhere to California Record**
                                        ) **Keeping Requirements (Cal. Labor Code §§**
20                                      ) **226, 226.3, 1174, 1174.5, 1198; Wage Order**
                                        ) **No. 1-2001 §7)**
21                                      ) **6. Private Attorneys General Act Claim for**
                                        ) **Violation of Cal. Labor Code Provisions**
22                                      ) **(Cal. Labor Code § 2698 *et seq.*)**
                                        ) **7.  Unfair Business Practices (Cal. Business**
23                                      ) **& Professions Code §17200 *et seq.*)**
                                        ) **8.  Declaratory Relief (28 U.S.C. §2201 *et.***
24                                      ) ***seq.* and Cal. Code of Civil Procedure §1060**
                                        ) ***et. seq.*)**
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        ) **Demand for Jury Trial**
28

## INTRODUCTION

1.      This is a collective/class action, seeking unpaid overtime wages, compensation and interest thereon, waiting time penalties, liquidated damages and other penalties, injunctive relief, declaratory relief and reasonable attorney fees and costs, under, *inter alia*, the Fair Labor Standards Act, 29 U.S.C. §§ 207, 211 and 216 and California law.

2.      RAY STRONG ("Plaintiff"), seeks relief on behalf of himself and all similarly situated current and former employees of Defendants, the general public of the State of California and those persons and entities affected by Defendants' unlawful and unfair practices.

3.      Plaintiff brings this action against Defendants C & H SUGAR COMPANY, INC. (hereafter C & H), a Delaware corporation and AMERICAN SUGAR REFINING, INC. also a Delaware corporation (collectively, "Defendants").

## THE PARTIES

4.       Plaintiff RAY STRONG is a natural person who is and at all relevant times was employed by Defendants in a non-exempt hourly position to perform work related to the processing of raw sugar into refined sugar within the state of California and has been throughout all relevant time periods herein. Plaintiff brings this action on behalf of himself and all similarly situated current and former employees of Defendants.

5.      On information and belief, C & H SUGAR COMPANY, INC. is a corporation organized under the laws of the state of Delaware, with its corporate headquarters located in Crockett, California.  On information and belief, C & H SUGAR COMPANY, INC. employs or has employed, at least forty (40) individuals in non-exempt hourly positions to provide work refining and processing raw sugar into refined sugar and related activities within the state of California during the applicable statutory time periods stated herein.  At all relevant times, C & H SUGAR COMPANY, INC. is and was Plaintiff's and Collective Action Members' and California Class Members' "employer" pursuant to 29 U.S.C. § 203 and California law.

6.      On information and belief, AMERICAN SUGAR REFINING, INC.is a corporation organized under the laws of the state of Delaware, with its corporate headquarters located in Yonkers, New York. On information and belief, AMERICAN SUGAR REFINING, INC. employs or has employed, at least

forty (40) individuals in non-exempt hourly positions to provide work refining and processing raw sugar into refined sugar and related activities within the state of California during the applicable statutory time periods stated herein. At all relevant times, AMERICAN SUGAR REFINING, INC. is and was Plaintiff's and Collective Action Members' and California Class Members' "employer" pursuant to 29 U.S.C. § 203 and California law.

## JURISDICTION AND VENUE

7.     Jurisdiction for this collective and class action is conferred on this Court by 28 U.S.C. § 1331, and § 216(b) of the FLSA. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 216(b).

8.     This Court has supplemental jurisdiction over the California law claims alleged in this action under 28 U.S.C. § 1367, because they form part of the same case or controversy as the aforementioned claims.

9.     The United States District Court for the Northern District of California has personal jurisdiction over Defendants because Defendant C & H SUGAR COMPANY, INC. does business in California and within this District, and because the acts giving rise to this action occurred in this State and this District. Defendant AMERICAN SUGAR REFINING, INC. has applied to the California Secretary of State to do business and is doing business in California and within this District, and the acts giving rise to this action occurred in this State and this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) & (c) because a substantial part of the events giving rise to the claims described herein, including the work performed by Plaintiff and Collective Action Members and California Class Members, and the underpayment of wages earned but unpaid, occurred within the Northern District of California. Further, on information and belief, Defendants continue to perform substantial business operations within the Northern District of California. Plaintiff is currently employed by Defendants and performed work giving rise to the claims set forth in this action within the Northern District of California. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the state of California and within this judicial district. Each and every Defendant named is or was, at all times relevant hereto, a person, corporation or other business entity existing and operating within the confines of the state of California,

employing individuals to work within this state and this district, and thus subject to the jurisdiction of California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by Plaintiff and Collective Action Members and California Class Members, and did transact and conduct business in the state of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the state of California. Defendants maintain offices, operate businesses, employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the state of California.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff, on behalf of himself and all other Collective Action Members repeat and re-allege each and every allegation by reference contained in all previous paragraphs.

12. Plaintiff, brings the First Claim for Relief for violation of the Fair Labor Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated individuals under the provisions of 29 U.S.C. § 216 for unpaid wages, liquidated damages under a three-year statute of limitations, and relief incident and subordinate thereto, including costs and attorney fees.

13. The First Claim for Relief for violations of the FLSA is brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all violations of the FLSA.

14. Plaintiff hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 216(b) and 256.

15. A collective action is a superior method for bringing this action in that there is a well-defined community of interest in the questions of law and fact.

16. Plaintiff and Collective Action Members are similarly situated and are subject to Defendants' common practices, policies, or plans of failing to compensate them for all hours worked and refusing to pay the required amount of overtime compensation in violation of the FLSA.

17. Plaintiff, as collective action representative, brings this action on behalf of a class of all similarly situated individuals. The proposed class includes the following similarly situated individuals ("Collective Action Members"). The Collective Action consists of Plaintiff and all individuals employed by Defendants in non-exempt hourly positions to provide work refining and processing raw

sugar into refined sugar and related activities within the state of California who performed more than 40 hours of work in a workweek and received non-discretionary bonuses at any time from three years before the filing of the instant Complaint, or the effective date of any applicable tolling agreement, whichever is earlier and ending at the time this action proceeds to final judgment or settlement (the "Collective Action Period"). Plaintiff reserves the right to name additional class representatives and to identify sub-classes and sub-class representatives as may be necessary and appropriate.

18.     The identity of all Collective Action Members is readily ascertainable from Defendants' records, and class notice can be provided to all Class Members by conventional means such as U.S. mail, email, and workplace postings.

19.     Common questions of law and fact in the action exist that relate to and affect the rights of each member of the Collective Action, include but are not limited to:

a.     whether Defendants maintained a policy requiring Plaintiff's and Collective Action Members to work in excess of forty (40) hours per week without paying them full and proper overtime compensation;

b. whether shift differential payments made by Defendants to Plaintiff and Collective Action members were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due;

c.     whether overtime coordinator payments made by Defendants to Plaintiff and Collective Action members were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due;

d.     whether Christmas Award payments made by Defendants to Plaintiff and Collective Action members were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due;

e.     whether Attendance Incentive payments made by Defendants to Plaintiff and Collective Action members were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due;

f. whether meal allowance payments made by Defendants to Plaintiff and Collective Action members were unlawfully excluded from the determination of the regular rate of pay for the purposes of calculating overtime compensation due;

g. whether Defendants' violation of the FLSA were willful, knowing, and/or reckless for the purpose of the statute of limitations;

h. whether Defendants' C & H SUGAR COMPANY, INC. and AMERICAN SUGAR REFINING, INC. are joint employers for the purposes of liability under the FLSA;

20. On information and belief, the exact number of Collective Action members identified and described exceeds forty (40) persons. The Collective Action Class is so numerous that joinder of individual claims herein is impracticable.

21. The attorneys for Plaintiff and the Collective Action Class Members are experienced and capable in the field of the FLSA and labor/employment litigation and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel for Plaintiff, David E. Mastagni, Isaac S. Stevens and Ace T. Tate will actively conduct and be responsible for Plaintiff's case herein.

22. This action is properly maintained as a collective action because the prosecution of separate actions by individual members would create a risk of varying adjudications with respect to individual members of the Collective Action Class, which would establish incompatible standards of conduct for the Defendants and, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

23. Since Plaintiff and Collective Action Members were/are subject to Defendants' common practices, policies, or plans of failing to compensate at legally required rates in violation of the FLSA, this Court should conditionally certify the Collective Action and authorize facilitated notice to similarly situated individuals pursuant to Section 216(b) of the FLSA and *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989.)

24. On information and belief, the names and addresses of additional Collective Action Members are available from Defendants, and notice should be provided by first class mail to their last known address and by workplace posting as soon as possible.

# CLASS ACTION ALLEGATIONS

25.     Plaintiff, on behalf of himself and all other individuals similarly situated, repeat and re-allege each and every allegation by reference contained in all previous paragraphs.

26.     Plaintiff, as class representative, brings this action on behalf of a class of all similarly situated individuals, pursuant to Federal Rule of Civil Procedure 23. The proposed class includes the following similarly situated individuals ("California Class Members"): all individuals employed by Defendants in non-exempt hourly positions to provide work refining and processing raw sugar into refined sugar and related activities within the state of California and performed more than 40 hours of work in a workweek and received non-discretionary bonuses at any time from four years before the filing of the instant Complaint, or the effective date of any applicable tolling agreement, whichever is earlier and ending at the time this action proceeds to final judgment or settlement (the "California Class Period"). Plaintiff reserves the right to name additional class representatives and to identify sub-classes and sub-class representatives as may be necessary and appropriate.

27.     Ascertainability. The identity of all California Class Members is readily ascertainable from Defendants' records, and class notice can be provided to all Class Members by conventional means such as U.S. mail, email, and workplace postings.

28.     Numerosity. The size of the class makes a class action both necessary and efficient.  On information and belief the class consists of over 40 non-exempt employees currently employed or formerly employed by Defendants who performed work within the state of California during the applicable statute of limitations period(s). Members of the class are ascertainable but so numerous that joinder is impracticable. The class includes future class members who will benefit from the monetary, declaratory and injunctive relief sought herein and whose joinder is inherently impossible.

29.     Common Questions of Law and Fact. This case poses common questions of law and fact, which are likely to generate common answers advancing resolution of the litigation, affecting the rights of all Class Members, including:

      a.  The legality of Defendants' compensation systems;

      b.  Defendants' policies, practices, programs, procedures, protocols, and plans of regarding the prompt payment of wages;

c. whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding recording and calculation of the payment of overtime are lawful;

d. whether Defendants timely paid wages pursuant to California Labor Code section 204

e. whether Defendants failure to timely pay wages was willful or intentional for the purposes of California Labor Code section 210;

f. whether Defendants paid Plaintiff's and California Class Members their full wages as required by California Labor Code §§221, 222, 223;

g. Whether Defendants failure to pay Plaintiff's and California Class members according to California Labor Code §§221, 222, 223 was willful or intentional for the purposes of California Labor Code section 225.5;

h. whether Defendants willfully failed to make timely payment of final wages to California Class members who quit or have been discharged, as required by California Labor Code §§201-03;

i. whether Defendants provided Plaintiff and California Class Members with accurate itemized wage statements as required by California Labor Code §226;

j. whether Defendants maintained records for Plaintiff and Class Members as required under California Labor Code §§226 and 1174 and IWC Wage Order No. 1-2001 §7;

k. whether Plaintiff and California Class members are entitled to penalties pursuant to the Private Attorney General Act ("PAGA") for Defendants violation of the California Labor Code, IWC Order 1-2001 and the FLSA;

l. whether Defendants engaged in unfair and unlawful business practices in violation of Business and Professions Code §§17200 *et seq.* by violating the California Labor Code or the FLSA;

m. whether Defendants C & H SUGAR COMPANY, INC. and AMERICAN SUGAR REFINING, INC. are joint employers of Plaintiff and California Class members

n. whether the named Defendants conspired with each other and/or with any unnamed co-conspirator, as alleged herein;

o. whether any Defendants aided and abetted other Defendants in the commission of the violations alleged herein;

p. whether any Defendants acted as the agent of other Defendants in the commission of the violations alleged herein;

q. what relief is necessary to remedy Defendants' unfair and unlawful conduct alleged herein.

30. <u>Typicality</u>. The claims of the individual Plaintiff are typical of the claims of the class as a whole. Defendants' unlawful wage policies and practices, which have operated to deny Plaintiff the overtime premiums, their untimely payment and other compensation, penalties, and protections required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other California Class Members lawful compensation.

31. <u>Adequacy of Class Representation</u>. The individual Plaintiff can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, not antagonistic to, the interests of the California class.

32. <u>Adequacy of Counsel for the Class</u>. Counsel for Plaintiff have the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment and class action attorneys who have successfully litigated other cases involving similar wage and hour issues, including on a class action basis.

33. <u>Propriety of Class Action Mechanism</u>. This suit is properly maintainable as a class action under Federal Rule of Civil Procedure 23 because Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. This suit is also properly maintainable as a class action because the common questions of law and fact predominate over any questions affecting only individual members of the class. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

///

///

///

# **GENERAL FACTUAL ALLEGATIONS**

34.     Plaintiff is a non-exempt employee of Defendants. His duties primarily include manual labor in the processing of raw sugar into refined sugar and related activities thereof. On information and belief, other Collective Action members and California Class members perform similar duties

35.     Plaintiff and Collective Action members and California Class members perform these duties primarily at the Defendants' processing facility located in Crockett, California.

36.     Plaintiff and Collective Action members and California Class members' hours, wages and other terms and conditions of employment are in part governed by a collective bargaining agreement (hereafter "Agreement") between Sugar Workers Union 1 and C & H Sugar Company, Inc. Plaintiff and Collective Action members and California Class members are paid hourly according to a wage scale that is incorporated into the Agreement.

37.     Plaintiff is paid wages once a week by American Sugar Refining, Inc. as "payor" for C & H Sugar Company, Inc. and on information and belief other members of the Collective Action and California classes.

38.     The Agreement guarantees a shift differential to employees who work a swing or night shift. The swing shift entitles an employee to a $.40 per hour premium. An employee who works the night shift is entitled to receive a $.60 per hour premium. This section also guarantees that the shift differential shall be included as part of the hourly rate for the purpose of calculating overtime wages.

39.     In workweeks in which Plaintiff worked beyond 40 hours, Defendants excluded the shift differential earned into the regular rate for the purposes of overtime compensation. On information and belief, Defendants excluded shift differential earned by other members of the Collective Action and California classes into their respective regular rates for the purposes of calculating overtime compensation due when they worked beyond 40 hours. On information and belief, Defendants, individually or collectively have never sought an opinion from the United States Department of Labor whether this practice of exclusion was lawful for the purposes of the FLSA compliance.

40.     Another term of the Agreement provides a payment to some employees to coordinate the scheduling of overtime shifts and create/maintain records of this for Defendants. Plaintiff has received payments for performing these duties. However, when Plaintiff receives this payment, it is not factored

into his regular rate of pay for the purposes of determining overtime compensation when he works beyond 40 hours in a workweek, and on information and belief other members of the Collective Action and California classes who receive this payment. On information and belief, Defendants, individually or collectively have never sought an opinion from the United States Department of Labor whether the practice of exclusion of overtime was lawful for the purposes of FLSA compliance.

41.     Under the Agreement, Plaintiff and Collective Action and California class members have the opportunity to receive multiple lump sum bonuses. For example, under the Agreement Plaintiff and Collective Action members and California Class members are eligible to receive an annual Christmas Award. To be eligible, employees must satisfy the condition of maintaining their employment with Defendants to December 1st of the year to earn the award. The Agreement sets forth a specific equation for the calculation of this award. Under the Agreement, Defendants have no discretion to decide whether a Christmas Award is to be paid or modify the amount determined by the calculation methodology in the Agreement.

42.     When Defendants made Christmas Award payments to Plaintiff, they treated this payment as compensation for the purposes of tax withholdings, and on information and belief followed the same practice for Collective Action members and California Class members who received such payments. When Defendants issued the Christmas Award to Plaintiff, they did not retroactively recalculate his regular rate of pay over the prior year to include this payment in the determination of his regular rate and issue to Plaintiff the unpaid overtime based on the new rate. On information and belief, Defendants followed the same practice with other members of the Collective Action and California classes that received Christmas Award payments. On information and belief, Defendants, individually or collectively have never sought an opinion from the United States Department of Labor whether the practice of exclusion of Christmas Award payments from the regular rate was lawful for the purposes of FLSA compliance.

43.     Employees covered by the Agreement are entitled to receive an Attendance Incentive payment based on the number of times he or she calls in sick within the year. At the close of the bonus period, a pool of money set aside for this bonus is distributed to employees based on the number of absences they have. The less absences, the greater the payment. On information and belief, Defendants treated

Attendance Incentive payments made to Collective Action members and California Class members as compensation for the purposes of tax withholdings. Further, on information and belief, when Defendants made Attendance Incentive payments to Collective Action members and California Class members, Defendants did not recalculate the regular rate of pay to include these payments and pay all overtime that was earned but unpaid based on the new rate to those recipients. On information and belief, Defendants, individually or collectively have never sought an opinion from the United States Department of Labor whether the practice of exclusion of Attendance Incentive payments from the regular rate was lawful for the purposes of FLSA compliance.

44.     The Agreement also provides a meal allowance. Pursuant to the Agreement, employees receive a meal allowance of $5.00 if they are required to work two hours extra or longer before or after their shift than originally scheduled. When Plaintiff has earned this allowance, Defendants treat it as compensation for the purposes of tax withholdings and on information and belief other members of the Collective Action and California classes that receive such payments. When Plaintiff earned this allowance he did not incur any expense at Defendants' convenience and on information and belief neither did other members of the Collective Action and California classes that received such payments. When Plaintiff was paid meal allowance wages, Defendants did not factor it into his regular rate for the purposes of determining overtime compensation due when he worked beyond 40 hours and on information and belief other members of the Collective Action and California classes. On information and belief, Defendants, individually or collectively have never sought an opinion from the United States Department of Labor whether the practice of exclusion of meal allowance payments from the regular rate was lawful for the purposes of the FLSA compliance.

45.     Plaintiff consistently works 60-80 hour workweeks and on information and belief so do other members of the Collective Action and California classes. However, when Defendants pay Plaintiff, and on information and belief other members of the Collective Action and California classes, they only pay him at 1.5x his hourly rate of pay (excluding the aforementioned items of extra compensation from the regular rate) for all hours worked above 40.

46.     Pursuant to the notice requirements of the California Private Attorneys General Act (Cal. Labor Code sections 2698 *et. seq.*), Plaintiff dispatched notice detailing the foregoing violations via certified

mail to the Defendants and the California Labor Workforce and Development Agency ('LWDA") on March 2, 2016. The LWDA has declined to communicate their intent to investigate the allegations set forth in this notice.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act**
**[29 U.S.C. 201 *et. seq.*]**
**(Brought by Plaintiff on behalf of himself and all Collective Action Members Against all Defendants)**

47.     Plaintiff, on behalf of himself and all members of the Collective Action, re-allege and incorporate by reference all previous paragraphs.

48.     Plaintiff and Collective Action members are, or were, employed by the Defendant within the last three (3) years.

49.     29 U.S.C 207 guarantees to non-exempt employees overtime compensation at one and half times their regular rate of pay for all hours worked beyond forty (40) in a workweek.

50.     Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Madison v. Resources for Human Development* (3rd. Cir. 2000) 233 F.3d 175, 187.)  Further, pursuant to 29 CFR 778.106, an employer is required to pay all overtime compensation by the following pay period's pay date.

51.     Plaintiff and Collective Action members are hourly non-exempt employees entitled to overtime compensation pursuant to 29 USC 207.

52.     Defendant caused Plaintiff and Collective Action members to regularly work beyond 40 hours in a workweek.

53.     29 CFR 778.207(b) "requires the inclusion in the regular rate of such extra premiums as nightshift differentials (whether they take the form of a percent of the base rate or an addition of so many cents per hour) and premiums paid for hazardous, arduous or dirty work."

54.     During the Collective Action Period, in workweeks in which Plaintiff worked beyond 40 hours, Defendants excluded the shift differential earned from the calculation of the regular rate for the purposes of determining Plaintiff's overtime compensation, and on information and belief other members of the Collective Action and California classes.

55.     29 CFR 778.211(b) states in part that a payment is only excluded from the calculation of the regular rate if the "employer must retain discretion both as to the fact of payment and as to the amount until a time quite close to the end of the period for which the bonus is paid. The sum, if any, to be paid as a bonus is determined by the employer without prior promise or agreement. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it." "Obviously, if the bonus is paid pursuant to contract (so that the employee has a legal right to the payment and could bring suit to enforce it), it is not in the nature of a gift. (29 CFR 778.212(b).)

56.     Once the bonus is paid an employer is required to retroactively recalculate the regular rate for each workweek in the bonus period and pay to the employee all earned but unpaid overtime based on the new rate pursuant to 29 CFR 778.209.

57.     **During the Collective Action Period** Plaintiff and Collective Action members were/are eligible to receive an incentive payment that a Christmas Award pursuant to the Agreement. This payment is contingent upon an employee maintaining employment with Defendants to December 1st. Further, this payment is calculated according to an equation set forth in the Agreement. When Plaintiff and Collective Action members earned this payment, Defendants did not retroactively calculate the regular rate for Plaintiff and issue any earned but unpaid overtime wages due based on the new regular rate and on information and belief other members of the Collective Action.

58.     Defendants failed to retroactively recalculate Plaintiff's regular rate of pay to include this bonus and issue to Plaintiff earned but unpaid overtime compensation based the new regular rate, and on information and belief other members of the Collective Action who received such bonuses.

59.     29 CFR 778.211(c) states in part "…Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay. Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing in employment until the time the payment is to be made and the like are in this category. They must be included in the regular rate of pay."

60.    During the Collective Action Period, Plaintiff earned a $40 payment pursuant to the Agreement for performing duties related to the scheduling and staffing of overtime shifts.  However, when Plaintiff receives this payment, it is not factored into his regular rate for the purposes of determining overtime compensation when he works beyond 40 hours in a workweek, and on information and belief other members of the Collective Action and California classes who receive this payment.

61.    The United States Department of Labor in Opinion Letter FLSA 2009-19, *Acton v. City of Columbia* 436 F.3f 969 (8th Cir. 2006) and *Chavez v. City of Albuquerque* 630 F.3d 1300 (10th Cir. 2011)) all conclude that bonuses which induce an employee to attend work more regularly and/or refrain from the use of sick leave are includable in the regular rate of pay for the purpose of determining overtime compensation due under the FLSA.

62.    During the Collective Action Period Plaintiff and Collective Action members covered by the Agreement were/are eligible to receive an Attendance Incentive payment based on the number of times he or she calls in sick within the year.  This bonus is distributed to Collective Action members from a pool of money based on the number of absences they have.  Defendants treat this payment as compensation for the purposes of tax withholdings.  Once this Attendance Incentive is paid, Defendants do not recalculate the regular rate of pay during the bonus period and pay all overtime that has been earned (but unpaid) based on the new rate to Plaintiff and on information and belief other members of the Collective Action.

63.    During the Collective Action Period, on information and belief Defendants failed to retroactively recalculate Attendance Incentive payments made to Collective Action members into the regular rate of pay and issue to them earned but unpaid overtime compensation based the new regular rate.

64.    29 CFR 778.217(d) states in part "Payments for expenses personal to the employee. The expenses for which reimbursement is made must in order to merit exclusion from the regular rate under this section, be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the

employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as 'reimbursement for expenses.' Whether the employer 'reimburses' the employee for such expenses or furnishes the facilities (such as free lunches or free housing), the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay."

65. The FLSA prohibits an employer from excluding per diems paid pursuant to 29 CFR 778.217 if it is tied to the number of hours an employee works in a day. (*Newman v. Advanced Tech. Innovation Corp.*, 749 F.3d 33, 39 (1st Cir. 2014) and *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010).)

66. During the Collective Action Period Plaintiff and Collective Action members were/are eligible to receive a meal allowance of $5.00 only if they are required to work two hours extra or longer before or after their shift than originally scheduled. When Plaintiff earned this allowance, Defendants treated it as compensation for the purposes of tax withholdings, and on information and belief other members of the Collective Action and California classes. When Plaintiff earned this allowance he did not incur any expense at Defendant's convenience and on information and belief neither did other members of the Collective Action and California classes that received such payments. When Plaintiff was paid meal allowance wages, Defendants did not include in his regular rate for the purposes of overtime compensation when he worked beyond 40 hours and on information and belief the same is true for other members of the Collective Action and California classes.

67. Defendants had a common policy of only paying 1.5x an employee's base rate for all hours worked beyond 40 in a workweek.

68. Based on the foregoing, Plaintiff has not received all overtime compensation to which they are entitled under the FLSA, and on information and belief the same is true for other members of the Collective Action and California classes.

69. At all times relevant hereto, Defendants knew or should have known of their obligations to pay Plaintiff and similarly situated individuals overtime compensation at 1.5x their regular rate of pay for all hours worked in excess of 40.

70.    Defendants' failure to fully compensate Plaintiff for all hours worked during the Collective Action period was not in good faith, and was a willful violation of the FLSA.

71.    As a result of the foregoing violations of the FLSA alleged herein, Plaintiff on behalf of himself and all over similarly situated individuals of the Collective Action seek damages for lost overtime compensation as well as liquidated damages, reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

**SECOND CLAIM FOR RELIEF**
**Failure to Timely Pay All Wages When Due**
**[Cal. Labor Code §§204, 210]**
**(Brought by Plaintiff on behalf of himself and the California Class Against all Defendants)**

72.    Plaintiff, on behalf of himself and the California Class, re-allege and incorporate by reference all previous paragraphs.

73.    California Labor Code §204 requires an employer to pay all wages to its employees when those wages are due.  This section requires all wages be paid on at least a semi-monthly basis.  Further, any wages earned for labor in excess of the normal work period must be paid no later than the following pay period's pay date.

74.    California Labor Code §210 provides that any person who fails to pay wages due any employee in violation of §204 shall be subject to a civil penalty for an initial violation of $100 for each failure to pay each employee, and for each subsequent violation or any willful or intentional violation of $200 for each failure to pay each employee plus 25 percent of the amount unlawfully withheld.

75.    During the California Class Period, Plaintiff and California Class members earned wages including but not limited to overtime compensation whether guaranteed by statute or contract for which they were never paid.

76.    Defendants failed and continue to fail to pay these wages to Plaintiff and members of the California Class.

77.    Defendants' failure to timely pay these wages when due was willful and/or intentional.

78.    Plaintiff dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ("LWDA") on March 2, 2016.  The LWDA has declined to communicate their intent to investigate the allegations set forth in this notice.

79.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and California Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 1-2001.

### THIRD CLAIM FOR RELIEF
**Unlawful Withholding of Wages**
**[Cal. Labor Code §§221, 222, 223, 225.5]**
**(Brought by Plaintiff on behalf of himself and the California Class Against all Defendants)**

80.     Plaintiff, on behalf of himself and the California Class, re-allege and incorporate by reference all previous paragraphs.

81.     California Labor Code §§221-223, collectively, prevent repayment of wages to an employer, withholding part of a wage and failing to pay a wage less than mandated by a contract or statute.

82.     California Labor Code §225.5 provides that every person who unlawfully withholds wages due any employee in violation of §223 shall be subject to a civil penalty for an initial violation of $100 for each failure to pay each employee, and for each subsequent violation or any willful or intentional violation of $200 for each failure to pay each employee plus 25 percent of the amount unlawfully withheld.

83.     During the California Class Period, Plaintiff and California Class members earned wages including but not limited to overtime compensation guaranteed by statute or contract for which Defendants continues to unlawfully withhold.

84.     Defendants unlawful withholding of these wages is willful and intentional.

85.     Plaintiff dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ("LWDA") on March 2, 2016.  The LWDA has declined to communicate their intent to investigate the allegations set forth in this notice.

86.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and California Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and

---

COMPLAINT FOR VIOLATIONS OF THE FLSA
AND CALIFORNIA LAW

*Strong, et. al. v. C & H Sugar Company, Inc., et. al.*

statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 1-2001.

**FOURTH CLAIM FOR RELIEF**
**Failure to Pay All Wages Due to Discharged and Quitting Employees**
**[Cal. Labor Code §§201, 202, 203]**
**(Brought by Plaintiff on behalf of himself and the California Class Against all Defendants)**

87.     Plaintiff, on behalf of himself and the California Class, re-allege and incorporate by reference all previous paragraphs.

88.     California Labor Code §201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon the employee's discharge from employment.

89.     California Labor Code §202 requires an employer promptly to pay all compensation due and owing to an employee within 72 hours after that employee's employment terminates, including by resignation.

90.     California Labor Code §203 provides that if an employer willfully fails to pay all compensation due promptly upon discharge or resignation, as required by §§201 and 202, the employer shall be liable for waiting time penalties in the form of continued compensation for up to 30 work days.

91.     By failing to compensate Plaintiff and California Class Members as required by California law, as set forth above - including but not limited to Defendants' failure to properly pay Plaintiff and California Class Members overtime wages – Defendants have willfully failed and continue to fail to pay all earned wages to discharged and quitting California Class Members in accordance with California Labor Code §§201 and 202.

92.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, discharged or quitting California Class Members are entitled to waiting penalties pursuant to California Labor Code §203.

///

///

///

///

**FIFTH CLAIM FOR RELIEF**
**Failure to Maintain Required Records**
**[Cal. Labor Code §§226, 1174, 1194.5, 1198; IWC Wage Order No. 1-2001 §7]**
**(Brought by Plaintiff on behalf of himself and the California Class Against all Defendants)**

93.     Plaintiff, on behalf of himself and the California Class, re-allege and incorporate by reference all previous paragraphs.

94.     California Labor Code §1174(c)-(d) requires employers to keep records showing the names and addresses of all employees employed, and to keep, at a central location in the State of California or at the establishments at which employees are employed, payroll records showing the hours worked daily and the wages paid to all employees employed at the establishment.

95.     IWC Wage Order 1-2001 §7(A)(3) further requires employers to keep time records showing when the employee begins and ends each work period and any meal periods. Under §7(A)(5), employers must also record each employee's total hours worked and applicable rates of pay, and must make such information "readily available" to the employee upon request. Under §7(C), all required records must be in the English language and in ink or other indelible form, properly dated, showing month, day, and year, and must be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. Under both §7(C) and California Labor Code §226(b), all required records must be available for inspection by an employee upon reasonable request.

96.     California Labor Code §1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

97.     Pursuant to Defendants' policy and practice, Defendants have willfully failed, and continue willfully to fail, to maintain accurate, complete, and readily available records, in violation of California Labor Code §1174 and IWC Wage Order 1-2001 §7.

98.     In addition, Defendants failed and continue to fail to maintain required records that accurately reflect Plaintiff's and California Class Members' regular rate for the purposes of determining overtime compensation.

99.     Plaintiff and California Class Members have suffered and will continue to suffer actual economic harm resulting from these recordkeeping violations, as they have been, and will continue to

be, precluded from accurately monitoring the wages to which they are entitled, have been required to retain counsel and others to evaluate and calculate unpaid wages, and have suffered delays in receiving the wages and interest that are due and owing to them. Defendants' ongoing violations of these mandatory recordkeeping laws have caused, and will continue to cause, irreparable harm to Plaintiff and California Class Members, among other reasons because as long as Defendants fail to maintain the required records, Plaintiff and California Class Members will be unable to determine the precise amount of wages and penalties owed to them for the hours that Defendants have required, suffered or permitted them to work.

100.    By willfully failing to maintain the records required by California Labor Code § 1174(c) or the accurate and complete records required by §1174(d), Defendants are also liable for a civil penalty of $500.00 for each violation under §1174.5.

### SIXTH CLAIM FOR RELIEF
**Failure to Furnish Accurate Itemized Wage Statements**
**[Cal. Labor Code §§204, 226, 226.3; IWC Wage Order No. 1-2001, §7]**
**(Brought by Plaintiff on behalf of himself and the California Class**
**Against all Defendants)**

101.    Plaintiff, on behalf of himself and the California Class, re-alleges and incorporates by reference all previous paragraphs.

102.    California Labor Code §226(a) requires employers semimonthly or at time of paying wages to provide to their employees detailed wage and hour information including but not limited to the gross wages earned and the net wages earned.

103.    IWC Wage Order 1-2001 §7(B) requires employers semimonthly or at the time of each payment of wages to furnish to each employee an itemized statement in writing showing the following information: all deductions; the inclusive dates of the period for which the employee is paid; the name of the employee or the employee's social security number; and the name of the employer.

104.    California Labor Code §226(e) provides that an employee who suffers injury as a result of a knowing and intentional failure by an employer to comply with §226(a) may recover the greater of actual damages or the civil penalties designated by statute of $50.00 for the initial pay period in which

a violation occurs and $100.00 per employee for each violation in a subsequent pay period up to an aggregate penalty of $4,000.00.

105.    California Labor Code §226.3 provides that any employer who violates §226(a) shall further be subject to a civil penalty of $250.00 per employee per violation in an initial citation and $1,000.00 per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in §226(a).

106.    California Labor Code §1198 makes employment of an employee under conditions the IWC prohibits unlawful.

107.    Pursuant to Defendants' unlawful policies and practices alleged herein, Defendants have knowingly and intentionally failed to furnish Plaintiff and California Class Members with the information required by California Labor Code §226(a) and IWC Wage Order 1-2001 §7(B), including but not limited to the gross wages earned and net wages earned.  This failure has injured, continues to injure, and was intended to injure Plaintiff and California Class Members by, among other things, forcing them to refer to other documents including but not limited to, the Agreement to identify bonuses they do not earn on a weekly basis to determine gross wages earned as well as tax forms to determine net wages earned.

108.    Plaintiff dispatched notice detailing the foregoing violations via certified mail to the Defendants and the California Labor Workforce and Development Agency ("LWDA") on March 2, 2016.  The LWDA has declined to communicate their intent to investigate the allegations set forth in this notice.

109.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and California Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover such economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code 226, 226.3 and IWC Wage Order 1-2001.

///

///

///

///

## SEVENTH CLAIM FOR RELIEF
### California Labor Code Private Attorneys General Act
### [Cal. Labor Code §2698 *et seq.*]
### (Brought by Plaintiff on behalf of Himself, the California Class, all similarly situated current and former employees Against all Defendants)

110.   Plaintiff, on behalf of himself and the California class, re-allege and incorporate by reference all previous paragraphs.

111.   Under the California Labor Code Private Attorneys General Act, California Labor Code §§2698-99 ("PAGA"), any aggrieved employee may bring a representative action as a Private Attorney General on behalf of the general public, including all other aggrieved employees, to recover civil penalties for their employers' violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the Labor Code, and must be allocated 75 percent to the State of California's Labor and Workforce Development Agency and 25 percent to the aggrieved worker, pursuant to California Labor Code §2699.

112.   Based on the foregoing Defendants' employment of Plaintiff or any California Class member during the California Class Period is/was unlawful under the FLSA, California Labor Code, IWC Order 1-2001 and actionable under PAGA.

113.   Plaintiff alleges, on behalf of himself, all aggrieved current and former employees and/or on behalf of the California Class, as well as the general public of the State of California, that Defendants have violated the following provisions of the California Labor Code and the following provisions of the IWC Wage Orders that are actionable through the California Labor Code and PAGA, as previously alleged herein: California Labor Code §§201-04, 210, 221, 222, 223, 226, 226.3, 1174, 1198 and IWC Wage Order 1-2001 §§7. Each of these violations entitles Plaintiff, as private attorneys general, to recover the applicable statutory civil penalties on his own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

114.   California Labor Code §2699(a), which is part of PAGA, provides in pertinent part "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may,

1    as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of

2    himself or herself and other current or former employees pursuant to the procedures specified in Section

3    2699.3."

4    115.    California Labor Code §2699(f), which is part of PAGA, provides in pertinent part: For all

5    provisions of this code except those for which a civil penalty is specifically provided, there is

6    established a civil penalty for a violation of these provisions, as follows:

      "(2) If, at the time of the alleged violation, the person employs one or more employees,
7     the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay
      period for the initial violation and two hundred dollars ($200) for each aggrieved
8     employee per pay period for each subsequent violation."

9    116.    Plaintiff is entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires,

10   pursuant to California Labor Code §2699(a) for Defendants' violations of the California Labor Code

11   and IWC Wage Orders for which violations a civil penalty is already specifically provided by law; and

12   Plaintiff is entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires,

13   pursuant to California Labor Code §2699(f) for Defendants' violations of the California Labor Code

14   and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

15   117.    Pursuant to the notice requirements of the California Private Attorneys General Act (Cal. Labor

16   Code sections 2698 *et. seq.*), Plaintiff dispatched notice detailing the foregoing violations via certified

17   mail to the Defendants and the California Labor Workforce and Development Agency ("LWDA") on

18   March 2, 2016.  The LWDA has declined to communicate their intent to investigate the allegations set

19   forth in this notice.

20   117.    Therefore, Plaintiff has complied with all of the requirements set forth in California Labor Code

21   §2699.3 and are entitled to pursue a representative action under PAGA.

22   118.    Under PAGA, Plaintiff, the California Class and the State of California are entitled to recover

23   the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage

24   Order 1-2001 that are alleged in this Complaint.

25   ///

26   ///

27   ///

28

## EIGHTH CLAIM FOR RELIEF
### Unfair and Unlawful Business Practices
### [Cal. Bus. & Prof. Code §17200 *et seq.*]
### (Brought by Plaintiff on behalf of himself and the California Class Against all Defendants)

120.    Plaintiff, on behalf of himself and the California Class, re-allege and incorporate by reference all previous paragraphs.

121.    Defendants have engaged in unfair and unlawful business practices in violation of California Business and Professions Code §§17200 *et seq.* by engaging in the unlawful conduct alleged above, including but not limited to failing to pay all overtime compensation due pursuant to the FLSA, failing to pay wages promptly, failing to pay a wage designated by statute or contract and/or unlawfully deducting/withholding such wages and failing to provide employees information required by California Labor Code §§201-203, 221, 222, 223, 226(a), and 1174 and Wage Order 1-2001.

122.    Plaintiff is informed and believes, and based upon such information and belief, allege that by engaging in the unfair and unlawful business practices complained of above, Defendants were able to lower their labor costs and thereby to obtain a competitive advantage over law-abiding employers with which they compete, in violation of California Business & Professions Code §§17200 *et seq.* and California Labor Code §90.5(a), which sets forth the public policy of California to vigorously enforce minimum labor standards to ensure that employees are not required or permitted to work under substandard and unlawful conditions and to protect law-abiding employers and their employees from competitors that lower their costs by failing to comply with minimum labor standards.

123.    As a direct and proximate result of Defendants' unfair and unlawful conduct as alleged herein, Plaintiff and California Class Members have sustained injury and damages, including unpaid wages and lost interest, in an amount to be established at trial. Plaintiff and Class Members seek restitution of all unpaid wages owed to Plaintiff and Class Members, disgorgement of all profits that Defendants have enjoyed as a result of their unfair and unlawful business practices, penalties, and injunctive relief.

///

///

///

///

# NINTH CLAIM FOR RELIEF
## Declaratory Judgment
### [28 U.S.C 2201, Cal. Code of Civil Procedure §1060 et seq.]
### (Brought by Plaintiff on behalf of himself and all Collective Action members and California Class Members Against all Defendants)

124.    Plaintiff, on behalf of himself and all members of the Collective Action and the California Classes, re-allege and incorporate by reference all previous paragraphs.

125.    An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties with respect to the FLSA, for which Plaintiff desires a declaration of rights and other relief available pursuant to 28 U.S.C. §2201 and Federal Rules of Civil Procedure 57.  An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties as set forth above under California law, for which Plaintiff desires a declaration of rights and other relief available pursuant to the California Declaratory Judgment Act, California Code of Civil Procedure §1060 et seq.

126.    A declaratory judgment is necessary and proper in that Plaintiff contends that Defendants have committed and continue to commit the violations set forth above and Defendants, on information and belief, will deny that they have done so and/or that they will continue to do so.

127.    An actual controversy exists between the Plaintiff and Defendants as to whether shift differential payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

128.    Plaintiff is informed and believes Defendants contend that shift differential payments made to Plaintiff and Collective Action and California Class members are not required to be included in the regular rate for the purposes of the FLSA and California law.

129.    Plaintiff is entitled to a judicial determination that shift differential payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

130.    An actual controversy exists between the Plaintiff and Defendants as to whether overtime coordinator payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

131. Plaintiff is informed and believes Defendants contend that overtime coordinator payments made to Plaintiff and Collective Action and California Class members are not required to be included in the regular rate for the purposes of the FLSA and California law.

132. Plaintiff is entitled to a judicial determination that overtime coordinator payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

133. An actual controversy exists between the Plaintiff and Defendants as to whether Christmas Award payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

134. Plaintiff is informed and believes Defendants contend that Christmas Award payments made to Plaintiff and Collective Action and California Class members are not required to be included in the regular rate for the purposes of the FLSA and California law.

135. Plaintiff is entitled to a judicial determination that Christmas Award payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

136. An actual controversy exists between the Plaintiff and Defendants as to whether Attendance Award payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

137. Plaintiff is informed and believes Defendants contend that Attendance Award payments made to Plaintiff and Collective Action and California Class members are not required to be included in the regular rate for the purposes of the FLSA and California law.

138. Plaintiff is entitled to a judicial determination that Attendance Award payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

139. An actual controversy exists between the Plaintiff and Defendants as to whether meal allowance payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

140. Plaintiff is informed and believe Defendants contend that meal allowance payments made to Plaintiff and Collective Action and California Class members are not required to be included in the regular rate for the purposes of the FLSA and California law.

141. Plaintiff is entitled to a judicial determination that meal allowance payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

142. An actual controversy exists between the Plaintiff and Defendants as to whether AMERICAN SUGAR REFINING, INC. is a joint employer of Plaintiff and Collective Action and California Class members for the purposes of FLSA and California law.

143. Plaintiff is informed and believe Defendants contend that AMERICAN SUGAR REFINING, INC. is not a joint employer of Plaintiff and Collective Action and California Class members for the purposes of FLSA and California law.

144. Plaintiff is entitled to a judicial determination that AMERICAN SUGAR REFINING, INC. is a joint employer of Plaintiff and Collective Action and California Class members for the purposes of FLSA and California law.

145. An actual controversy exists between Plaintiff and Defendants as to whether Defendants' failure to pay all overtime compensation due Plaintiff and Collective Action members under the FLSA was reckless and/or an intentional, knowing constituting a willful violation.

146. Plaintiff is informed and believes Defendants contend that their actions were not reckless and/or an intentional, knowing constituting a willful violation under the FLSA.

147. Plaintiff is entitled to a judicial determination that Defendants' failure to pay all overtime compensation due Plaintiff and Collective Action members due under the FLSA was reckless and/or an intentional, knowing, constituting a willful violation.

148. An actual controversy exists between Plaintiff and Defendants as to whether Defendants failed to promptly pay all wages when due Plaintiff and California Class members for the purposes of California labor Code §204.

149. Plaintiff is informed and believes Defendants contend they promptly paid Plaintiff and California Class members all wages when due for the purposes of California Labor Code §204.

150. Plaintiff is entitled to a judicial determination that Defendants failed to promptly pay all wages when due to Plaintiff and California Class members for the purposes of California Labor Code §204.

151. An actual controversy exists between Plaintiff and Defendants as to whether Defendants failure to promptly pay all wages to Plaintiff and California Class members was willful and/or intentional for the purposes of California Labor Code §210.

152. Plaintiff is informed and believe Defendants contend that they did not willfully or intentionally fail to promptly pay all wages when due to Plaintiff and California Class members.

153. Plaintiff is entitled to a judicial determination that Defendants willfully and/or intentionally failed to promptly pay all wages when due for the purposes of California Labor Code §210.

154. An actual controversy exists between Plaintiff and Defendants as to whether Defendants unilateral deduction/withholding of wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiff and the California Class violated California Labor Code §§221, 222, 223.

155. Plaintiff is informed and believes Defendants contend they did not unilaterally deduct/withhold wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiff and the California Class in violation of California Labor Code §§221, 222, 223.

156. Plaintiff is entitled to a judicial determination that Defendants unilateral deduction/withholding of wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiff and the California Class violated California Labor Code §§221, 222, 223.

157. An actual controversy exists between Plaintiff and Defendants as to whether Defendants unilateral deduction/withholding of wages and/or failure to pay wages mandated by statute or contract to Plaintiff and California members was willful and/or intentional for the purposes of California Labor Code §225.5.

158. Plaintiff is informed and believes Defendants contend that they did not willfully or intentionally deduct/withhold wages and/or fail to pay wages mandated by statute or contract for the purposes of California Labor Code §225.5.

159. Plaintiff is entitled to a judicial determination that Defendants unilaterally unilateral deducted/withheld wages and/or failed to pay wages mandated by statute or contract was willful and/or intentional for the purposes of California Labor Code §225.5.

160.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants violated California Labor Code §§201-203, by willfully failing to make timely payment of the final wages due to California Class members who quit or have been discharged;

161.    Plaintiff is informed and believes Defendants contend they did not violate California Labor Code §§201-203, by willfully failing to make timely payment of the final wages when due to California Class members who quit or have been discharged;

162.    Plaintiff is entitled to a judicial determination that Defendants violated California Labor Code §§201-203, by willfully failing to make timely payment of final wages due to California Class members who quit or have been discharged;

163.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants violated California Labor Code §1174 and IWC Wage Order No. 1-2001 §7, by failing to maintain and provide Plaintiff and California Class members with access to complete and accurate records

164.    Plaintiff is informed and believe Defendants contend they did not violate California Labor Code §1174 and IWC Wage Order No. 1-2001 §7, by failing to maintain and provide Plaintiff and California Class members with access to complete and accurate records

165.    Plaintiff is entitled to a judicial determination that Defendants violated California Labor Code §1174 and IWC Wage Order No. 1-2001 §7, by failing to maintain and provide Plaintiff and California Class members with access to complete and accurate records

166.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants violated California Labor Code §226, by failing to provide the information required semimonthly or with each payment of wages to Plaintiff and California Class members

167.    Plaintiff is informed and believes Defendants contend they did not violate California Labor Code §226, by failing to provide the information required semimonthly or with each payment of wages to Plaintiff and California Class members

168.    Plaintiff is entitled to a judicial determination that Defendants violated California Labor Code §226, by failing to provide the information required semimonthly or with each payment of wages to Plaintiff and other California Class members.

169. An actual controversy exists between Plaintiff and Defendants as to whether Defendants violated multiple provisions of the California Labor Code and IWC Wage Order No. 1-2001 entitling Plaintiff and California Class members to recover penalties pursuant to the California Private Attorney General Act

170. Plaintiff is informed and believes Defendants contend they did not violate California Labor Code or IWC Wage Order No. 1-2001, thus not entitling Plaintiff or California Class members to an award of statutory penalties pursuant to the California Private Attorney General Act

171. Plaintiff is entitled to a judicial determination that Defendants violated multiple provisions of the California Code and IWC Wage Order No. 1-2001 entitling Plaintiff and California Class members to recover penalties pursuant to the California Private Attorney General Act

172. An actual controversy exists between Plaintiff and Defendants as to whether Defendants violated California Business and Professions Code §§17200-08, through conduct as set forth in the foregoing paragraphs

173. Plaintiff is informed and believes Defendants contend they did not violate California Business and Professions Code §§17200-08, through their conduct as set forth in foregoing paragraphs

174. Plaintiff is entitled to a judicial determination that Defendants violated California Business and Professions Code §§17200-08, through conduct as set forth in foregoing paragraphs

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

1. For Conditional Certification of the Collective Action Class;

2. For Facilitated Notice to the Collective Action Class;

3. Designation of Plaintiff as representative of the Collective Action Class;

4. Designation of Plaintiff's counsel as counsel for the Collective Action Class;

5. For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiff and all Collective Action members pursuant to 29 U.S.C. §216(b);

6. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, paying Plaintiff and Collective Action Members and California Class members the applicable legal rate for all hours worked;

7.      Certification of this action as a class action on behalf of the proposed class under Federal Rule of Civil Procedure 23;

8.      Designation of Plaintiff as representative of the California Class;

9.      Designation of Plaintiff's counsel as counsel for the California Class

10.     An award of damages and penalties for failure to timely pay wages to Plaintiff and California Class members pursuant to §204, 210 subject to proof at trial;

11.     An award of damages and penalties for failure to timely pay wages to Plaintiff and California Class members pursuant to §221, 222, 223, 225.5 subject to proof at trial;

12.     An award of waiting time penalties to California Class Members who have quit or been discharged, pursuant to California Labor Code §203, subject to proof at trial;

13.     An award of damages for the knowing and intentional failure to provide the information required by California Labor Code§226(a) that resulted in injury pursuant to section §226(e);

14.     An award of statutory penalties pursuant to California Labor Code §§201-204, 210, 221, 222, 223, 225.5, 226, 226.3, 1174.5, and 2698-99;

15.     An award of restitution of all amounts owed in unpaid wages, overtime wages, prevailing wages, minimum wage compensation, and unlawful deductions from wages, and interest thereon, in an amount according to proof at trial, pursuant to California Business and Professions Code §1720 *et. seq*;

16.     Disgorgement of profits and all other appropriate equitable relief authorized by California Business and Professions Code §17203;

17.     Prejudgment and post judgment interest on all sums awarded;

18.     For Declaratory relief that includes the following:

        a. A judgment declaring that shift differential payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

        b. A judgment declaring that overtime coordinator payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

c. A judgment declaring that Christmas Award payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

d. A judgment declaring that Attendance Award payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

e. A judgment declaring that meal allowance payments made to Plaintiff and Collective Action and California Class members are required to be included in the regular rate for the purposes of the FLSA and California law.

f. A judgment declaring that AMERICAN SUGAR REFINING, INC. is a joint employer of Plaintiff and Collective Action and California Class members for the purposes of FLSA and California law.

g. A judgment declaring that Defendants' failure to pay all overtime compensation due Plaintiff and Collective Action members due under the FLSA was reckless and/or an intentional, knowing, constituting a willful violation.

h. A judgment declaring that Defendants failed to promptly pay all wages when due to Plaintiff and California Class members for the purposes of California Labor Code §204.

i. A judgment declaring that that Defendants willfully and/or intentionally failed to promptly pay all wages when due for the purposes of California Labor Code §210.

j. A judgment declaring that Defendants unilateral deduction/withholding of wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiff and the California Class violated California Labor Code §§221, 222, 223.

k. A judgment declaring that Defendants unilateral deduction/withholding of wages and/or failure to pay wages pursuant to a statute or contract earned by Plaintiff and California Class members was willful and/or intentional for the purposes of California Labor Code §225.5.

l. A judgment declaring that Defendants violated California Labor Code §§201-203, by willfully failing to make timely payment of final wages due to California Class who quit or have been discharged.

m. A judgment declaring that Defendants violated California Labor Code §1174 and IWC Wage Order No. 1-2001 §7, by failing to maintain and provide Plaintiff and California Class members with access to complete and accurate records.

n. A judgment declaring that Defendants violated California Labor Code §226, by failing to provide the information required semimonthly or with each payment of wages to Plaintiff and other California Class members.

o. A judgment declaring that that Defendants violated multiple provisions of the California Code and IWC Wage Order No. 1-2001 entitling Plaintiff and California Class members to recover penalties pursuant to the California Private Attorney General Act.

p. A judgment declaring that Defendants violated California Business and Professions Code §§17200-08, through conduct as set forth in foregoing paragraphs.

19.     Attorney fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to 29 U.S.C. 216(b), California Labor Code §§218.5, 218.6, 226, 2699(g)(1), and California Code of Civil Procedure §1021.5, and such other provisions as may be applicable;

20.     Costs of suit; and;

21.     An incentive award for Plaintiff for bringing this action;

22.     Such other and further relief as is equitable, just, and proper.

                                        Respectfully submitted,

Dated: January 30, 2017                 **MASTAGNI HOLSTEDT, APC**

                                        */s/ Ace T. Tate*
                                        ACE T. TATE, ESQ.
                                        Attorneys for Plaintiff