Steven R. Blackburn (SBN 154797)
Matthew Goodin (SBN 169678)
EPSTEIN BECKER & GREEN, P.C.
655 Montgomery Street, Suite 1150
San Francisco, CA 94111
Telephone: 415.398.3500
Facsimile: 415.398.0955
sblackburn@ebglaw.com
mgoodin@ebglaw.com

Attorneys for Defendants
C&H SUGAR COMPANY, INC. AND
SUGAR REFINING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY STRONG, on behalf of himself and all similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>C&H SUGAR COMPANY, INC.; SUGAR REFINING, INC.; AND DOES 1-100.<br><br>Defendants. | Case No.: 3:17-CV-00480-RS<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants C&H Sugar Company, Inc. ("C&H") and American Sugar Refining, Inc. ("ASR") (collectively, "Defendants"), in answer to the Complaint ("Complaint") of Plaintiff Ray Strong, on behalf of himself and all similarly situated individuals ("Plaintiff") on file herein, admit, deny, and aver as follows:

    1.    In response to the allegations in Paragraph 1 of the Complaint, Defendants state that such allegations are conclusions of law to which no responsive pleading is demanded and which shall be taken as denied or avoided.

    2.    In response to the allegations in Paragraph 2 of the Complaint, Defendants state that such allegations are conclusions of law to which no responsive pleading is demanded and

- 1 -

1  which shall be taken as denied or avoided.

2       3.      Defendants admit the allegations in Paragraph 3 of the Complaint.

3                              **THE PARTIES**

4       4.      In response to the allegations in Paragraph 4 of the Complaint, Defendants deny

5  that that Plaintiff is or was at any time employed by Defendant ASR. Defendants admit the

6  remaining allegations contained in Paragraph 4 of the Complaint.

7       5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

8       6.      In response to the allegations in Paragraph 6 of the Complaint, Defendants deny

9  that Plaintiff or any Collective Action Members or California Class Members are or were at any

10 time employed by Defendant ASR. Defendants further deny that ASR employed any employees

11 in California. Defendants admit the remaining allegations contained in Paragraph 6 of the

12 Complaint.

13      7.      In response to the allegations in Paragraph 7 of the Complaint, Defendants state

14 that such allegations are conclusions of law to which no responsive pleading is demanded and

15 which shall be taken as denied or avoided.

16      8.      In response to the allegations in Paragraph 8 of the Complaint, Defendants state

17 that such allegations are conclusions of law to which no responsive pleading is demanded and

18 which shall be taken as denied or avoided.

19      9.      In response to the allegations in Paragraph 9 of the Complaint, Defendants admit

20 that C&H does business in the state of California, that the acts giving rise to this action occurred

21 in this state and in this District, and that Defendant ASR has applied to do business in California.

22 Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 9

23 of the Complaint.

24      10.     In response to the allegations in Paragraph 10 of the Complaint, Defendants admit

25 that venue is proper in this District, that C&H operates and does substantial business within the

26 Northern District of California, that Plaintiff was employed by C&H, that the acts alleged in the

27 Complaint have an effect on Plaintiff and similarly situated individuals within the State of

28 California. Defendants further admit that C&H maintains offices, operates a business, employs

persons, and conducts business in, the state of California. Except as expressly admitted herein Defendants deny the remaining allegations in Paragraph 10, except those allegations which are conclusions of law to which no responsive pleading is demanded and which shall be taken as denied or avoided.

## COLLECTIVE ACTION ALLEGATIONS

11.     Defendants incorporate, as though fully set forth herein, their responses to Paragraphs 1 through 10 of the Complaint, as set forth above.

12.     In response to Paragraph 12 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded and which shall be taken as denied or avoided.

13.     In response to Paragraph 13 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded and which shall be taken as denied or avoided.

14.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     In response to the allegations in Paragraph 16 of the Complaint, Defendants admit that Plaintiff and the alleged Collective Action Members are subject to C&H's practices, policies, and plans of compensating them for hours worked. Except as expressly admitted herein Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     In response to the allegations in Paragraph 17 of the Complaint, Defendants admit that Plaintiff purports to bring the action on behalf of a class of allegedly similarly situated individuals, and that the proposed Collective Action is asserted on behalf of all individuals employed by Defendants and represented by the Sugar Workers Union ("SWU") in non-exempt hourly positions to provide work refining and processing raw sugar into refined sugar and related activities in the state of California who performed more than 40 hours of work in a workweek and received non-discretionary bonuses at any time from three years before the filing of the

Complaint or the effective date of any tolling agreement, whichever is earlier, and ending at the time this action proceeds to final judgment or settlement. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations in Paragraph 18 of the Complaint.

19.     Defendants admit that the allegations in Paragraphs 19(a) through 19(h) constitute alleged common questions of law and/or fact in the action that may affect the rights of each member of the Collective Action. Except as expressly admitted herein Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendants admit the allegations in Paragraph 20 of the Complaint.

21.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.     In response to Paragraph 22 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded and which shall be taken as denied or avoided.

23.     In response to Paragraph 23 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded and which shall be taken as denied or avoided.

24.     In response to Paragraph 24 of the Complaint, Defendants admit that the names and addresses of additional Collective Action members are available from Defendants and that notice, if any, should be provided by first class mail. Except as expressly admitted herein Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

## CLASS ACTION ALLEGATIONS

25.     Defendants incorporate, as though fully set forth herein, their responses to Paragraphs 1 through 24 of the Complaint, as set forth above.

26.     In response to the allegations in Paragraph 26 of the Complaint, Defendants admit that Plaintiff brings the action on behalf of class allegedly similarly situated individuals pursuant to Federal Rule of Procedure 23, and that the proposed class is asserted on behalf of all allegedly similarly situated individuals employed by Defendants and represented by the SWU in non-

- 4 -

exempt hourly positions to provide work refining and processing raw sugar into refined sugar and related activities in the state of California and performed more than 40 hours of work in a workweek and received non-discretionary bonuses at any time from three years before the filing of the Complaint or the effective date of any tolling agreement, whichever is earlier, and ending at the time this action proceeds to final judgment or settlement. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendants admit the allegations in Paragraph 27 of the Complaint.

28.     In response to the allegations in Paragraph 28 of the Complaint, Defendants admit that the proposed class may consist of over 40 non-exempt employees employed by C&H who performed work in the state of California during the applicable limitations period(s) and that members of the class are ascertainable. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendants admit that the allegations in Paragraphs 29(a) through 29(q) constitute alleged common questions of law and/or fact in the action that may affect the rights of each member of the proposed California Class. Except as expressly admitted herein Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

**GENERAL FACTUAL ALLEGATIONS**

34.     In response to the allegations in Paragraph 34 of the Complaint, Defendants admit that Plaintiff is a non-exempt employee of C&H and that his duties primarily consist of manual labor related to the refining of raw sugar and related activities. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 34 of the Complaint.

35.     In response to the allegations in Paragraph 35 of the Complaint, Defendants admit

- 5 -

that the proposed Collective Action and California Class members perform the duties described in Paragraph 34 at C&H's refining facility in Crockett, California.  Except as expressly admitted herein, Defendants' deny the remaining allegations in Paragraph 35 of the Complaint.

36.    Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants admit and aver that ASR is the "paying agent" for C&H and admit the remaining allegations contained in Paragraph 37 of the Complaint.

38.    Defendants admit the allegations contained in Paragraph 38 of the Complaint.

39.    In response to the allegations in Paragraph 39 of the Complaint, Defendants aver that there was no such "practice of exclusion" and admit that they have never collectively or individually sought an opinion from the Unites States Department of Labor of whether such alleged "practice of exclusion" as described therein would be lawful for the purposes of FLSA compliance. Except as expressly admitted herein Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.    Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41.    In response to the allegations in Paragraph 41 of the Complaint, Defendants admit that the Agreement referenced therein provides for certain bonus payments to employees, including a Christmas Award. Defendants further admit that employees must satisfy certain conditions to earn the Christmas Award, that a certain equation is set forth for calculating the Christmas Award amount, and that the Agreement does not specifically provide that Defendants have discretion to determine whether the Christmas Award is paid or to modify the amount of the Christmas Award. Except as expressly admitted herein Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42.    Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44.    In response to the allegations in Paragraph 44 of the Complaint, Defendants lack sufficient knowledge to respond to the allegations that when Plaintiff or other members of the Collective Action or California Class earned the meal allowance they did not incur any expense at Defendants' convenience. Defendants admit the remaining allegations in Paragraph 44 of the

Firm:43097278v1

Defendants' Answer to Complaint
Case No. 3:17-CV-00480-RS

1    Complaint.

2    45.    In response to the allegations in Paragraph 45 of the Complaint, Defendants deny

3    that Plaintiff and the other members of the Collective Action or California Class consistently

4    worked 60-80-hour workweeks. Defendants further deny that they pay Plaintiff and the other

5    members of the Collective Action or California Class 1.5x their regular rate of pay, excluding the

6    extra compensation from the shift differential, for all hours worked above 40 in one workweek.

7    Defendants admit the remaining allegations in Paragraph 45 of the Complaint.

8    46.    In response to the allegations in Paragraph 46 of the Complaint, Defendants admit

9    they received a copy of a letter dated March 2, 2016, to the California LWDA describing various

10    alleged violations of the California Labor Code. Defendants admit the remaining allegations in

11    Paragraph 46 of the Complaint.

12    **<u>FIRST CLAIM FOR RELIEF</u>**

13    **<u>(Violations of the Fair Labor Standards Act)</u>**

14    47.    Defendants incorporate, as though fully set forth herein, their responses to

15    Paragraphs 1 through 46 of the Complaint, as set forth above.

16    48.    Defendants admit the allegations in Paragraph 48 of the Complaint.

17    49.    Defendants admit the allegations in Paragraph 49 of the Complaint.

18    50.    In response to the allegations in Paragraph 50 of the Complaint, Defendants state

19    that the allegations therein are conclusions of law to which no responsive pleading is demanded

20    and which shall be taken as denied or avoided.

21    51.    Defendants admit the allegations in Paragraph 51 of the Complaint.

22    52.    Defendants admit the allegations in Paragraph 52 of the Complaint but aver that

23    Plaintiff and the Collective Action members very often volunteered to work overtime hours.

24    53.    Defendants admit the allegations in Paragraph 53 of the Complaint.

25    54.    Defendants deny the allegations in Paragraph 54 of the Complaint.

26    55.    In response to the allegations in Paragraph 55 of the Complaint, Defendants state

27    that the allegations therein are conclusions of law to which no responsive pleading is demanded

28    but nonetheless admit said allegations on information and belief.

1    56.    In response to the allegations in Paragraph 56 of the Complaint, Defendants state

2    that the allegations therein are conclusions of law to which no responsive pleading is demanded

3    but nonetheless admit said allegations on information and belief.

4    57.    In response to the allegations in Paragraph 57 of the Complaint, Defendant lacks

5    sufficient knowledge to respond to the allegation that Defendants did not issue any earned but

6    unpaid overtime wages based on the new regular rate to Plaintiff and other members of the

7    Collective Class. Defendants admit the remaining allegations in Paragraph 57 of the Complaint.

8    58.    In response to the allegations in Paragraph 58 of the Complaint, Defendant lacks

9    sufficient knowledge to respond to the allegation that Defendants did not issue any earned but

10    unpaid overtime wages based on the new regular rate to Plaintiff and other members of the

11    Collective Class. Defendants admit the remaining allegations in Paragraph 58 of the Complaint.

12    59.    In response to the allegations in Paragraph 59 of the Complaint, Defendants state

13    that the allegations therein are conclusions of law to which no responsive pleading is demanded

14    but nonetheless admit said allegations on information and belief.

15    60.    Defendants admit the allegations in Paragraph 60 of the Complaint.

16    61.    In response to the allegations in Paragraph 61 of the Complaint, Defendants state

17    that the allegations therein are conclusions of law to which no responsive pleading is demanded

18    and which shall be taken as denied or avoided.

19    62.    In response to the allegations in Paragraph 62 of the Complaint, Defendant lacks

20    sufficient knowledge to respond to the allegation that Defendants did not pay any earned but

21    unpaid overtime wages based on the new regular rate to Plaintiff and other members of the

22    Collective Class. Defendants admit the remaining allegations in Paragraph 62 of the Complaint.

23    63.    In response to the allegations in Paragraph 63 of the Complaint, Defendant lacks

24    sufficient knowledge to respond to the allegation that Defendants did not issue any earned but

25    unpaid overtime wages based on the new regular rate to Plaintiff and other members of the

26    Collective Class. Defendants admit the remaining allegations in Paragraph 63 of the Complaint.

27    64.    In response to the allegations in Paragraph 64 of the Complaint, Defendants state

28    that the allegations therein are conclusions of law to which no responsive pleading is demanded

1   but nonetheless admit said allegations on information and belief.

2          65.     In response to the allegations in Paragraph 65 of the Complaint, Defendants state

3   that the allegations therein are conclusions of law to which no responsive pleading is demanded

4   and which shall be taken as denied or avoided.

5          66.     In response to the allegations in Paragraph 66 of the Complaint, Defendants lack

6   sufficient knowledge to respond to the allegations that when Plaintiff or other members of the

7   Collective Action or California Class earned the meal allowance they did not incur any expense

8   at Defendants' convenience. Defendants admit the remaining allegations in Paragraph 66 of the

9   Complaint.

10          67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

11          68.     Defendants lack sufficient knowledge to admit or deny the allegations in

12   Paragraph 68 of the Complaint.

13          69.     Defendants admit the allegations in Paragraph 69 of the Complaint.

14          70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

15          71.     In response to the allegations in Paragraph 71 of the Complaint, Defendants admit

16   that Plaintiff on behalf of himself and all other similarly situated individuals in the Collective

17   Action seeks damages, liquidated damages, reasonable attorneys' fees, and costs. Except as

18   expressly admitted herein, Defendants deny the remaining allegations in Paragraph 71 of the

19   Complaint.

20                          **SECOND CLAIM FOR RELIEF**

21                     **(Failure to Timely Pay All Wages When Due)**

22          72.     Defendants incorporate, as though fully set forth herein, their responses to

23   Paragraphs 1 through 71 of the Complaint, as set forth above.

24          73.     In response to the allegations in Paragraph 73 of the Complaint, Defendants state

25   that the allegations therein are conclusions of law to which no responsive pleading is demanded

26   but nonetheless admit such allegations on information and belief.

27          74.     In response to the allegations in Paragraph 74 of the Complaint, Defendants state

28   that the allegations therein are conclusions of law to which no responsive pleading is demanded

1   but nonetheless admit such allegations on information and belief.

2       75.     Defendants lack sufficient knowledge to admit or deny the allegations in

3   Paragraph 75 of the Complaint.

4       76.     Defendants lack sufficient knowledge to admit or deny the allegations in

5   Paragraph 76 of the Complaint.

6       77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

7       78.     In response to the allegations in Paragraph 78 of the Complaint, Defendants admit

8   they received a copy of a letter dated March 2, 2016, to the LWDA describing various alleged

9   violations of the California Labor Code. Defendants admit the remaining allegations in

10  Paragraph 78 of the Complaint.

11      79.     In response to the allegations in Paragraph 79 of the Complaint, Defendants lack

12  sufficient knowledge to admit or deny the allegations contained therein.

13              **THIRD CLAIM FOR RELIEF**

14              **(Unlawful Withholding of Wages)**

15      80.     Defendants incorporate, as though fully set forth herein, their responses to

16  Paragraphs 1 through 79 of the Complaint, as set forth above.

17      81.     In response to the allegations in Paragraph 81 of the Complaint, Defendants state

18  that the allegations therein are conclusions of law to which no responsive pleading is demanded

19  but nonetheless admit such allegations on information and belief with the exception that Labor

20  Code § 223 makes it unlawful for an employer to "secretly pay a lower wage while purporting to

21  pay the wage designated by statute or contract."

22      82.     In response to the allegations in Paragraph 82 of the Complaint, Defendants state

23  that the allegations therein are conclusions of law to which no responsive pleading is demanded

24  but nonetheless admit such allegations on information and belief.

25      83.      Defendants lack sufficient knowledge to admit or deny the allegations in

26  Paragraph 83 of the Complaint.

27      84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

28      85.     In response to the allegations in Paragraph 85 of the Complaint, Defendants admit

1    they received a copy of a letter dated March 2, 2016, to the LWDA describing various alleged
2    violations of the California Labor Code. Defendants admit the remaining allegations in
3    Paragraph 85 of the Complaint.

4         86.    In response to the allegations in Paragraph 86 of the Complaint, Defendants lack
5    sufficient knowledge to admit or deny the allegations contained therein.

6                          **FOURTH CLAIM FOR RELIEF**

7         **(Failure to Pay All Wages Due to Discharged and Quitting Employees)**

8         87.    Defendants incorporate, as though fully set forth herein, their responses to
9    Paragraphs 1 through 86 of the Complaint, as set forth above.

10        88.    In response to Paragraph 88 of the Complaint, Defendants state that the
11   allegations therein are conclusions of law to which no responsive pleading is demanded but
12   nonetheless admit such allegations on information and belief.

13        89.    In response to Paragraph 89 of the Complaint, Defendants state that the
14   allegations therein are conclusions of law to which no responsive pleading is demanded but
15   nonetheless admit such allegations on information and belief.

16        90.    In response to Paragraph 90 of the Complaint, Defendants state that the
17   allegations therein are conclusions of law to which no responsive pleading is demanded but
18   nonetheless admit such allegations on information and belief.

19        91.    In response to the allegations in Paragraph 91 of the Complaint, Defendants lack
20   sufficient knowledge to admit or deny the allegation that Defendants failed to properly pay
21   Plaintiff and the California Class members all earned overtime wages. Defendants deny the
22   remaining allegations contained in Paragraph 91 and aver that there exists a good-faith dispute as
23   to whether Plaintiff and the California Class are entitled to overtime wages and therefore no
24   waiting-time penalties are owed.

25        92.    In response to the allegations in Paragraph 92 of the Complaint, Defendants deny
26   the allegations contained therein and aver that there exists a good-faith dispute as to whether
27   Plaintiff and the California Class are entitled to overtime wages and therefore no waiting-time
28   penalties are owed.

- 11 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CLAIM FOR RELIEF

### (Failure to Maintain Required Records)

93.     Defendants incorporate, as though fully set forth herein, their responses to Paragraphs 1 through 92 of the Complaint, as set forth above.

94.     In response to the allegations in Paragraph 94 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded but nonetheless admit such allegations on information and belief.

95.     In response to the allegations in Paragraph 95 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded but nonetheless admit such allegations on information and belief.

96.     In response to the allegations in Paragraph 96 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded but nonetheless admit such allegations on information and belief.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### (Failure to Accurate Itemized Wage Statements)

101.    Defendants incorporate, as though fully set forth herein, their responses to Paragraphs 1 through 100 of the Complaint, as set forth above.

102.    In response to the allegations in Paragraph 102 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded but nonetheless admit such allegations on information and belief.

103.    In response to the allegations in Paragraph 103 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded but nonetheless admit such allegations on information and belief.

Defendants' Answer to Complaint
Case No. 3:17-CV-00480-RS

104.     In response to the allegations in Paragraph 104 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded but nonetheless admit such allegations on information and belief.

105.     In response to the allegations in Paragraph 105 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded but nonetheless admit such allegations on information and belief.

106.     In response to the allegations in Paragraph 106 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded but nonetheless admit such allegations on information and belief.

107.     Defendants deny the allegations in Paragraph 107 of the Complaint.

108.     In response to the allegations in Paragraph 108 of the Complaint, Defendants admit they received a copy of a letter dated March 2, 2016, to the LWDA describing various alleged violations of the California Labor Code. Defendants admit the remaining allegations in Paragraph 108 of the Complaint.

109.     Defendants deny the allegations in Paragraph 109 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### (California Labor Code Private Attorneys General Act)

110.     Defendants incorporate, as though fully set forth herein, their responses to Paragraphs 1 through 110 of the Complaint as set forth above.

111.     In response to the allegations in Paragraph 111 of the Complaint, Defendants state that the allegations therein are conclusions of law to which no responsive pleading is demanded but nonetheless admit such allegations on information and belief.

112.     Defendants deny the allegations in Paragraph 112 of the Complaint.

113.     In response to the allegations in Paragraph 113 of the Complaint, Defendants admit and aver that Plaintiff, as a private attorney general, is entitled to recover applicable statutory penalties on his own behalf, on behalf of all other aggrieved employees, and on behalf of the general public if Plaintiff can prove that he and any other employee or employees are aggrieved employees. Defendants admit the remaining allegations in Paragraph 113 of the

1    Complaint.

2        114.    In response to the allegations in Paragraph 114 of the Complaint, Defendants state

3    that the allegations therein are conclusions of law to which no responsive pleading is demanded

4    but nonetheless admit such allegations on information and belief.

5        115.    In response to the allegations in Paragraph 115 of the Complaint, Defendants state

6    that the allegations therein are conclusions of law to which no responsive pleading is demanded

7    but nonetheless admit such allegations on information and belief.

8        116.    Defendants deny the allegations in Paragraph 116 of the Complaint.

9        117.    In response to the allegations in Paragraph 117 of the Complaint, Defendants

10   admit they received a copy of a letter dated March 2, 2016, to the LWDA describing various

11   alleged violations of the California Labor Code. Defendants admit the remaining allegations in

12   Paragraph 117.

13       117.    Defendants lack sufficient knowledge to admit or deny the allegations contained

14   in Paragraph 117[1] of the Complaint.

15       118.    Defendants deny the allegations in Paragraph 118 of the Complaint.

16                           **EIGHTH CLAIM FOR RELIEF**

17                        **(Unfair and Unlawful Business Practices)**

18       120.    Defendants incorporate, as though fully set forth herein, their responses to

19   Paragraphs 1 through 118[2] of the Complaint, as set forth above.

20       121.    Defendants deny the allegations in Paragraph 121 of the Complaint.

21       122.    In responding to the allegations in Paragraph 122 of the Complaint, Defendants

22   admit that Labor Code section 90.5(a) sets forth a public policy of California to vigorously

23   enforce minimum labor standards in order to ensure employees are not required or permitted to

24   work under substandard unlawful conditions and to protect employers who comply with the law

25   from those who attempt to gain a competitive advantage at the expense of their workers by

26
27   [1] There are two paragraphs numbered 117 in the Complaint. For ease of reference, Defendants' Answer responds to the paragraphs exactly as they are numbered in the Complaint.

28   [2] There is no Paragraph 119 in the Complaint. For ease of reference, Defendants' Answer responds to the paragraphs exactly as they are numbered in the Complaint.

Defendants' Answer to Complaint
Case No. 3:17-CV-00480-RS

Firm:43097278v1

1  failing to comply with minimum labor standards. Except as expressly admitted herein,

2  Defendants deny the remaining allegations in Paragraph 122 of the Complaint.

3       123.    In responding to the allegations in Paragraph 123 of the Complaint, Defendants

4  admit that Plaintiff and the California Class Members seek restitution of unpaid wages,

5  disgorgement of profits, penalties, and injunctive relief in their Compliant. Defendants lack

6  sufficient knowledge to admit or deny the remaining allegations in Paragraph 123 of the

7  Complaint.

8  <h3 align="center"><b><u>NINTH CLAIM FOR RELIEF</u></b></h3>

9  <h3 align="center"><b><u>(Declaratory Judgment)</u></b></h3>

10       124.    Defendants incorporate, as though fully set forth herein, their responses to

11  Paragraphs 1 through 123 of the Complaint, as set forth above.

12       125.    Responding to the allegations in Paragraph 125 of the Complaint, Defendants

13  admit that Plaintiff desires a declaration of rights and other relief available pursuant to the

14  California Declaratory Judgment Act. Except as expressly admitted herein, Defendants deny the

15  remaining allegations in Paragraph 125 of the Complaint.

16       126.    Defendants deny the allegation in Paragraph 126 of the Complaint.

17       127.    Defendants deny the allegation in Paragraph 127 of the Complaint.

18       128.    Defendants lack sufficient knowledge to admit or deny the allegations in

19  Paragraph 128 of the Complaint.

20       129.    Defendants deny the allegation in Paragraph 129 of the Complaint.

21       130.    Defendants deny the allegation in Paragraph 130 of the Complaint.

22       131.    Defendants lack sufficient knowledge to admit or deny the allegations in

23  Paragraph 131 of the Complaint.

24       132.    Defendants deny the allegation in Paragraph 132 of the Complaint.

25       133.    Defendants deny the allegation in Paragraph 133 of the Complaint.

26       134.    Defendants lack sufficient knowledge to admit or deny the allegations in

27  Paragraph 134 of the Complaint.

28       135.    Defendants deny the allegation in Paragraph 135 of the Complaint.

Defendants' Answer to Complaint
Case No. 3:17-CV-00480-RS

1    136.    Defendants deny the allegation in Paragraph 136 of the Complaint.

2    137.    Defendants lack sufficient knowledge to admit or deny the allegations in

3    Paragraph 137 of the Complaint.

4    138.    Defendants deny the allegation in Paragraph 138 of the Complaint.

5    139.    Defendants deny the allegation in Paragraph 139 of the Complaint.

6    140.    Defendants lack sufficient knowledge to admit or deny the allegations in

7    Paragraph 140 of the Complaint.

8    141.    Defendants deny the allegation in Paragraph 141 of the Complaint.

9    142.    Defendants deny the allegation in Paragraph 142 of the Complaint.

10    143.    Defendants lack sufficient knowledge to admit or deny the allegations in

11    Paragraph 143 of the Complaint.

12    144.    Defendants deny the allegation in Paragraph 144 of the Complaint.

13    145.    Defendants deny the allegation in Paragraph 145 of the Complaint.

14    146.    Defendants lack sufficient knowledge to admit or deny the allegations in

15    Paragraph 146 of the Complaint.

16    147.    Defendants deny the allegation in Paragraph 147 of the Complaint.

17    148.    Defendants deny the allegation in Paragraph 148 of the Complaint.

18    149.    Defendants lack sufficient knowledge to admit or deny the allegations in

19    Paragraph 149 of the Complaint.

20    150.    Defendants deny the allegation in Paragraph 150 of the Complaint.

21    151.    Defendants deny the allegation in Paragraph 151 of the Complaint.

22    152.    Defendants lack sufficient knowledge to admit or deny the allegations in

23    Paragraph 152 of the Complaint.

24    153.    Defendants deny the allegation in Paragraph 153 of the Complaint.

25    154.    Defendants deny the allegation in Paragraph 154 of the Complaint.

26    155.    Defendants lack sufficient knowledge to admit or deny the allegations in

27    Paragraph 155 of the Complaint.

28    156.    Defendants deny the allegation in Paragraph 156 of the Complaint.

1    157.    Defendants deny the allegation in Paragraph 157 of the Complaint.

2    158.    Defendants lack sufficient knowledge to admit or deny the allegations in

3    Paragraph 158 of the Complaint.

4    159.    Defendants deny the allegation in Paragraph 159 of the Complaint.

5    160.    Defendants deny the allegation in Paragraph 160 of the Complaint.

6    161.    Defendants lack sufficient knowledge to admit or deny the allegations in

7    Paragraph 161 of the Complaint.

8    162.    Defendants deny the allegation in Paragraph 162 of the Complaint.

9    163.    Defendants deny the allegation in Paragraph 163 of the Complaint.

10    164.    Defendants lack sufficient knowledge to admit or deny the allegations in

11    Paragraph 164 of the Complaint.

12    165.    Defendants deny the allegation in Paragraph 165 of the Complaint.

13    166.    Defendants deny the allegation in Paragraph 166 of the Complaint.

14    167.    Defendants lack sufficient knowledge to admit or deny the allegations in

15    Paragraph 167 of the Complaint.

16    168.    Defendants deny the allegation in Paragraph 168 of the Complaint.

17    169.    Defendants deny the allegation in Paragraph 169 of the Complaint.

18    170.    Defendants lack sufficient knowledge to admit or deny the allegations in

19    Paragraph 170 of the Complaint.

20    171.    Defendants deny the allegation in Paragraph 171 of the Complaint.

21    172.    Defendants deny the allegation in Paragraph 172 of the Complaint.

22    173.    Defendants lack sufficient knowledge to admit or deny the allegations in

23    Paragraph 173 of the Complaint.

24    174.    Defendants deny the allegation in Paragraph 174 of the Complaint.

25    **PRAYER FOR RELIEF**

26    Responding to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to

27    any of the relief requested.

28

Defendants' Answer to Complaint
Case No. 3:17-CV-00480-RS

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the facts alleged in the Complaint, Defendants hereby submit the following affirmative and other defenses, which are pleaded in the alternative and do not constitute any admission of liability, or that Plaintiff or the putative collective members and class members he purports to represent are entitled to any relief.  Defendants may have additional affirmative or other defenses of which they are not presently aware and, as such, expressly reserve the right to assert any such additional affirmative and other defenses.

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff lacks standing to pursue some or all of the claims asserted in the Complaint.

### THIRD DEFENSE

Plaintiff is not owed any remuneration of any kind in connection with his employment.

### FOURTH DEFENSE

Plaintiff is not entitled to any alleged unpaid overtime because Defendants' payments to Plaintiff of premium remuneration, including but not limited to daily overtime pay (including double-time pay), holiday-work pay, work-on-day-of-rest pay, double-back pay, reporting pay, and staggered-hours pay, is properly creditable toward, and should be offset against, any alleged unpaid overtime pay.

### FIFTH DEFENSE

Plaintiff is not entitled to any alleged back overtime pay because certain of the bonus and incentive payments and other premium pay, including but not limited to meal allowance pay, received by Plaintiff are not properly included in the regular rate for purposes of calculating overtime pay.

### SIXTH DEFENSE

At all times Plaintiff was paid the complete and timely payment of all wages owed in accordance with the Fair Labor Standards Act ("FLSA") and California Labor Code.

- 18 -

**SEVENTH DEFENSE**

The claims are barred, in whole or in part, and/or recovery is precluded by the applicable statutes of limitation, including but not limited to 29 U.S.C. § 255; California Code of Civil Procedure §§ 337, 338, 340, and California Business and Professions Code § 17208.

**EIGHTH DEFENSE**

If the unlawful acts and/or omissions alleged in the Complaint were engaged in by the Defendants, which they deny, the defendants did not do so willfully.

**NINTH DEFENSE**

At all times relevant to this lawsuit Defendants acted in good faith, on reasonable grounds, and with the reasonable belief that they were in full compliance with the FLSA and California Labor Code.

**TENTH DEFENSE**

The claims are barred, in whole or in part, because Plaintiff cannot demonstrate that he is entitled to recover liquidated damages.  Defendants have at all times compensated Plaintiff in accordance with the law, in good faith, and with reasonable grounds for believing Plaintiff's compensation was in compliance with the FLSA and California Labor Code.

**ELEVENTH DEFENSE**

Defendant American Sugar Refining, Inc. is not Plaintiff's "employer" for purposes of the FLSA and/or California Labor Code.

**TWELFTH DEFENSE**

The Court lacks personal jurisdiction over Defendant American Sugar Refining, Inc.

**THIRTEENTH DEFENSE**

Defendants C & H Sugar Company, Inc. and American Sugar Refining, Inc. are not "joint employers" for purposes of the FLSA or California Labor Code.

**FOURTEENTH DEFENSE**

Plaintiffs' claims were not caused by any unlawful policy, custom, practice, program, procedure, protocol, or plan promulgated and/or permitted by Defendants.

- 19 -

1

**FIFTEENTH DEFENSE**

2      This action is not a proper class or collective action, and cannot be properly certified as

3  such.

4

**SIXTEENTH DEFENSE**

5      This action cannot be maintained as a collective action because it fails to meet the

6  requirements of 29 U.S.C. § 216(b) and applicable case law.

7

**SEVENTEENTH DEFENSE**

8      This action cannot be maintained as a Federal Rule of Civil Procedure 23 class action or a

9  collective action pursuant to the FLSA because Plaintiff's allegations require an individualized

10  inquiry.  Such individual analyses predominate over common questions which defeat the utility

11  and legality of a purported collective action or class action.

12

**EIGHTEENTH DEFENSE**

13      Plaintiff cannot bring this action in a representative capacity because he is not similarly

14  situated to the individuals he purports to represent in this action.

15

**NINETEENTH DEFENSE**

16      Plaintiff is not an adequate representative of the alleged putative class members for

17  purposes of satisfying Rule 23.

18

**TWENTIETH DEFENSE**

19      This case is not appropriate for class certification under Rule 23 because Plaintiff's

20  claims are not typical of the claims of the putative class.

21

**TWENTY-FIRST DEFENSE**

22      This case is not appropriate for class certification under Rule 23 because the facts and

23  law common to the case are insignificant compared to the individual facts and issues particular to

24  Plaintiff and the alleged putative class members.

25

**TWENTY-SECOND DEFENSE**

26      This case is not appropriate for class certification under Rule 23 because Plaintiff cannot

27  demonstrate that the class is so numerous that joinder of all putative members is impracticable.

28

1

**TWENTY-THIRD DEFENSE**

2       Collective action and class action treatment is not superior to other available methods for

3 the fair and efficient adjudication of Plaintiff's claims and the claims of the putative collective

4 and class action members.

5

**TWENTY-FOURTH DEFENSE**

6       The Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C.

7 § 1367 over Plaintiff's state law claims on the ground that there is no federal question or other

8 federal subject-matter jurisdiction.

9

**TWENTY-FIFTH DEFENSE**

10       The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law

11 claims pursuant to 28 U.S.C. § 1367(c)(1) and/or (c)(2).

12

**TWENTY-SIXTH DEFENSE**

13       Plaintiff and the putative collective action and class action members are barred from

14 recovering any damages, or any recovery must be reduced by virtue of their failure to exercise

15 reasonable diligence to mitigate their alleged damages.

16

**TWENTY-SEVENTH DEFENSE**

17       Defendants oppose collective and class action certification and dispute the propriety of

18 collective or class treatment of this action.  If the Court certifies a collective or class action in

19 this case over Defendants' objections, then Defendants assert the applicable denials and

20 affirmative defenses set forth herein against each and every putative member of the collective

21 action and class action.

22

**TWENTY-EIGHTH DEFENSE**

23       Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust the

24 requisite administrative remedies, statutory and/or contractual remedies available to him prior to

25 commencing this action.

26

**TWENTY-NINTH DEFENSE**

27       Plaintiff is precluded and/or preempted from pursuing his claims in this action because he

28 failed to follow the required grievance procedure pursuant to Section 20 of the June 1, 2012

- 21 -

Collective Bargaining Agreement between C & H Sugar Company, Inc. and Sugar Workers
Union No. 1 Seafarers International Union of N.A. AFL-CIO.

### THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTY-FIRST DEFENSE

Plaintiff is not entitled to equitable relief insofar as he has adequate remedies at law.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

### THIRTY-THIRD DEFENSE

Plaintiff is estopped by his conduct from asserting his claims.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel because the
alleged wage and hour violations at issue in this case, if they did occur, occurred as a result of
the operation of a collective bargaining agreement negotiated by Sugar Workers Union 1, which
is the exclusive bargaining agent for all terms and conditions of Plaintiff's employment, and the
Union failed to specify in the collective bargaining agreement applicable to Plaintiff that the
various payments at issue here were to be included in the regular rate of pay for purposes of
calculating overtime.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel or waiver
because Sugar Workers Union 1 is the exclusive agent for the administration and enforcement of
the collective bargaining agreement that governs Plaintiff's terms and conditions of employment,
and at no time during Plaintiff's employment did the Union contend or assert that the various
payments at issue here should have been included in the regular rate of pay for purposes of
calculating overtime.

- 22 -

1

## THIRTY-SEVENTH DEFENSE

2

Plaintiff's claims are barred, in whole or in part, because he consented to the alleged

3

conduct of which he now complains.

4

## THIRTY-EIGHTH DEFENSE

5

Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable

6

consequences.

7

## THIRTY-NINTH DEFENSE

8

Defendants maintained proper records and furnished Plaintiff with accurate wage

9

statements in compliance with the California Labor Code.

10

## FORTIETH DEFENSE

11

Plaintiff's claims brought under the California Business and Professions Code § 17200, et

12

seq. are barred, in whole or in part, because California law does not permit representative actions

13

where liability can only be determined through fact-intensive individualized assessments of

14

alleged wage and hour violations.

15

## FORTY-FIRST DEFENSE

16

Plaintiff cannot recover any alleged damages in this action because doing so would result

17

in unjust enrichment to Plaintiff which would unduly prejudice Defendants.

18

## FORTY-SECOND DEFENSE

19

Any recovery pursuant to PAGA is unconstitutionally excessive and violates Defendants'

20

due process rights.

21

## FORTY-THIRD DEFENSE

22

Plaintiff's cause of action pursuant to PAGA is barred to the extent it seeks to recover

23

penalties on behalf of putative collective action and class action members who are not

24

"aggrieved employees."

25

## FORTY-FOURTH DEFENSE

26

Defendants reserve the right to raise additional affirmative and other defenses that may

27

subsequently become or appear applicable to Plaintiff's claims.

28

1

## PRAYER FOR RELIEF

2          On Plaintiff's Complaint, Defendants pray for judgment as follows:

3          1.      That the Complaint be dismissed in its entirety with prejudice, and that Plaintiff,

4  the Collective Action Members, and the California Class Members, take nothing by this action;

5          2.      That the court award judgment in favor of Defendants;

6          3.      That Defendants be awarded their costs of suit, and

7          4.      Any and such further relief as this court may deem proper.

8  DATED:  April 18, 2017                        EPSTEIN BECKER & GREEN, P.C.

9                                     By: /s/ Steven Blackburn
                                         Steven R. Blackburn
10                                        Matthew Goodin
                                         Attorneys for Defendants
11                                        C&H SUGAR COMPANY, INC.
                                         AND SUGAR REFINING, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28