UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY STRONG, et al., on behalf of himself and all similarly situated individuals,<br><br>Plaintiffs,<br>v.<br><br>C & H SUGAR COMPANY, INC.; AMERICAN SUGAR REFINING, INC.; and DOES 1-100 inclusive,<br><br>Defendants. | Case No.: 3:17-cv-00480-RS<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR (1) CONDITIONAL CERTIFICATION (2) PRELIMINARY APPROVAL CERTIFYING CLASS; (3) CERTIFICATION OF COLLECTIVE AND CLASS REPRESENTATIVE; (4) APPOINTMENT OF COLLECTIVE AND CLASS COUNSEL; (5) PRELIMINARY APPROVAL OF SETTLEMENT AND NOTICE THEREOF; (6) SETTING SCHEDULE FOR FINAL APPROVAL OF SETTLEMENT** |

The Court has carefully reviewed the Settlement Agreement, Plaintiff's points and authorities in support of his unopposed motion, supporting declarations, and relevant exhibits. Based upon a review of the record, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. To the extent defined in the settlement and release (the "Agreement") attached hereto as Exhibit A and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. This action satisfies the requirements for conditional certification as a "Collective Action" under the Federal Labor Standards Act (FLSA). The questions of law and fact common to the members of the collective action with respect to the Defendants' calculation of the "regular rate" predominate over questions relevant only to individual members of the collective action. Collective action adjudication is superior to any other method of adjudication for the fair and efficient adjudication of this matter.

3. This action is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

4. For purposes of conditional certification as a Collective Action Class, the parties agree Plaintiff is similarly situated to all individuals employed by Defendants in non-exempt positions covered by the collective bargaining agreement ("CBA") between Sugar Workers Union No. 1, Seafarers International Union of N.A. AFL-CIO ("SWU Local 1") and Defendants that worked beyond forty hours in a week and received any Incentives as defined in the Settlement Agreement and the motion at any time within the three year period prior to the date the action was filed or the effective date of any applicable tolling agreement. ("Collective Action Class") The Collective Action Class shall be divided into subclasses as follows:

    a. "Collective Action Opt-In Plaintiff Subclass" shall be defined as all Collective Action Class members who have opted into this action.

    b. "Collective Action Putative Plaintiff Subclass" shall be defined as all Collective Action Class members who have not opted into this action.

5. This action also satisfies the requirements for preliminary certification as a "Class Action" under Federal Rules of Civil Procedure 23. The questions of law and fact common to the members of the class with respect to the Defendants' calculation of the regular rate as it relates to the California law claims alleged in the action predominate over questions relevant only to individual members of the class. Class adjudication is superior to any other method of adjudication for the fair and efficient resolution of this matter.

6. For the purposes of Federal Rule of Civil Procedure Rule 23, this court preliminarily certifies a class consisting of all individuals employed by Defendants in non-

exempt positions covered by the CBA that worked beyond forty hours in a week and received any Incentives as defined in the Settlement Agreement and the motion at any time within the four year period prior to the date the action was filed or the effective date of any applicable tolling agreement whichever is earlier. ("California Class") The California Class is divided into subclasses as follows:

      a. "California Opt-In Plaintiff Subclass" shall be defined as all Collective Action Class members who have opted into this action.

      b. "California Putative Plaintiff Subclass" shall be defined as all Collective Action Class members who have not opted into this action.

7. The California Class and subclasses as defined in Plaintiff's motion are sufficiently numerous that joinder is not practicable. The California Class has almost three hundred individuals, while each subclass exceeds one hundred individuals each.

8. There are questions of law and fact common to the members of the California Class and subclasses. The questions of law and fact common to the members of the California Class and subclasses include:

- Whether Defendants alleged under calculation of the regular rate resulted in a failure to timely pay wages in violation of California Labor Code § 204;

- Whether Defendants alleged under calculation of the regular rate resulted in Defendants' unlawful withholding of wages in violation of California Labor Code §§ 221, 222 and 223;

- Whether Defendants alleged under calculation of the regular rate resulted in the failure to timely pay final wages to class members that separated from employment from Defendants in violation of California Labor Code §§ 201 and 202 during the relevant time period;

- Whether Defendants alleged under calculation of the regular rate resulted in a failure to maintain required records in violation of California Labor Code § 1174 and IWC Wage Order 1-2001 § 7;

- Whether Defendants alleged under calculation of the regular rate resulted in furnishing wage statements that did not comply with the requirements of California Labor §226(a);

- Whether Defendants alleged under calculation of the regular rate resulted in furnishing non-compliant wage statements that constituted an "injury" for the purposes of California Labor Code § 226(e) entitling them to damages and/or penalties;

- Whether, based on the foregoing, California Class members are entitled to penalties pursuant to PAGA (Cal. Lab. Code § 2698 *et. seq.*); and

- Whether, based on the foregoing, Defendants violated California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et.* seq.)

Plaintiff need only establish one common question of law or fact in order to meet the threshold set by Rule 23(a)(2) and Plaintiff's above showing satisfies that requirement.

9. The named Plaintiff's claims are typical of those of the California Class and subclasses he seeks to represent. Plaintiff Strong's claims are typical of those of the California Class because they all arise out of Defendants' calculation of the regular rate and the exclusion therefrom of the disputed items of remuneration used to determine premium compensation for overtime hours worked.

10. The proposed class representative will fairly and adequately protect the interests of the Collective Action and California Class and the respective subclasses.

11. The proposed representative has retained counsel who have the experience, knowledge and resources necessary to provide adequate representation of the Collective Action and California Class as well as the subclasses defined herein. Plaintiff's counsel has also vigorously investigated and identified the claims in this action as well as expended resources in furtherance thereof. Thus, Plaintiff's counsel meets the requirements of Federal Rule of Civil Procedure 23(g)(1).

12. The Court hereby preliminarily approves Plaintiff Ray Strong as representative of the Collective Action and California Class as well as the respective subclasses, and appoints the law firm of Mastagni Holstedt, A.P.C. as Class Counsel thereto.

13. Subject to the receipt and consideration by the Court of any objections to or comments on the Agreement at the hearing described in Paragraph 18 of this Order, the Court finds the Agreement and all of its terms to be fair, just and reasonable and in the best interests of the

members of the California Class as defined herein. The proposed settlement falls within the range of possible settlement approval, was negotiated at arms-length, and is worthy of being presented to the class members for their comments. The Court hereby preliminarily approves the proposed settlement under Rule 23(e) of the Federal Rules of Civil Procedure and the FLSA.

14. The Court hereby appoints Rust Consulting as the Settlement Administrator.

15. By no later than 21 days after the date of this order, the settlement administrator shall cause to be mailed by first class mail in substantially the same form submitted with the parties joint motion and in a manner consistent with this Settlement Agreement and this order, the "Notice Packet" consisting of the (1) Notice of Proposed Collective & Class Action Settlement and Settlement Hearing attached as Exhibits B & C, (2) the Claim Forms attached hereto as Exhibits D & E, and (3) the Opt-Out Forms attached hereto as Exhibits F & G, to the current or last known address of each Collective Action and California Class member.

16. The notice procedures set forth in the Settlement Agreement and the motion is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice, in full compliance with the requirements of Rule 23(c) of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

17. All reasonable costs incurred in identifying and notifying class members, as well as administering the settlement, shall be paid as set forth in the Settlement Agreement.

18. Pursuant to Federal Rules of Civil Procedure 23(e), a hearing (the "Settlement Hearing") shall be held on Thursday, December 6, 2018 at 1:30 P.M., before the Honorable Richard Seeborg, United States District Judge for the Northern District of California, San Francisco Division, in Courtroom 3, 17th Floor at 450 Golden Gate Ave., San Francisco, California to determine the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved, including its provision for a service payment to the named Plaintiff Ray Strong as well as the motion of Class Counsel for attorneys' fees, costs, and expenses.

19. Members of the Collective Action Putative Plaintiff subclass who do not file a claim form will be deemed not to have waived any rights under the FLSA.

20. Members of the California Class who do not opt-out of the Class within thirty (30) days from the date the settlement administrator mails the Notice Packet will be deemed to be a California Class Member and will be bound by the terms of the proposed settlement unless otherwise ordered by the Court.

21. No class member shall be heard in opposition to the proposed settlement, or, if approved, the judgments and other orders to be entered thereon, to the requested award of attorneys' fees, costs, and expenses, or to the requested payment to the named Plaintiff, and no papers or briefs submitted by any such person shall be accepted or considered by the Court unless, such person has filed with the Clerk of the Court and served upon counsel for all parties a written statement that indicates the specific basis for such person's objections, along with any supporting documentation post marked within thirty (30) days from the date the settlement administrator mails the Notice Packet. This deadline shall be no earlier than twenty-eight days prior to the date of the Settlement Hearing set forth in paragraph 18 of this order.

22. On or before the fourteenth day before the final approval hearing, Class Counsel shall file a motion for Final Approval of the proposed settlement and dismissal of action that addresses any objections timely filed in accordance with this order.

23. On or before the fourteenth day prior to the final approval hearing, Class Counsel shall file with the Court and serve on all parties their motion for attorneys' fees, costs, and expenses, as well as the service payment, and all papers in support thereof, to be heard concurrently with the final approval hearing set forth in Paragraph 18 of this order.

24. Any class member who has met the requirements of paragraph 20 herein, or his or her representative, may appear at the Settlement Hearing in person and be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, the requested award of attorneys' fees, costs, and expenses, and the requested payment to Named Plaintiff Ray Strong. Any Class Member who does not make his or her objections as required by Paragraph 20 herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objection to the fairness, reasonableness, and

adequacy of the proposed settlement, the requested award of attorneys' fees and costs, and the requested payment to named Plaintiff Ray Strong unless otherwise ordered by the Court.

25. The Court expressly reserves its right to continue the Settlement Hearing without further direct notice to the Class.

26. Class Counsel shall create and maintain a website, www.mastagni.com/c&h-settlement for the benefit of Collective Action and California Class members. This website shall provide the pleadings file related to the proposed settlement, the contact information for the settlement administrator as well as up to date information regarding the date and time of the Court's Settlement Hearing.

27. Non-substantive amendments may be made to the Settlement Agreement or Notice Packet upon written agreement of the Class Counsel and counsel for Defendants.

IT IS SO ORDERED.

DATED: September 6, 2018

_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE