DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC STEVENS, ESQ. (SBN 251245)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 I Street
Sacramento, California 95811-3151
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
davidm@mastagni.com
istevens@mastagni.com

Attorneys for Plaintiffs
Ray Strong, et. al.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY STRONG, et al., on behalf of himself and all similarly situated individuals,<br><br>Plaintiffs,<br>vs.<br><br>C & H SUGAR COMPANY, INC.; AMERICAN SUGAR REFINING, INC.; and DOES 1-100 inclusive<br><br>Defendants. | Case No.: 3:17-cv-00480-RS<br><br>[CLASS ACTION & COLLECTIVE ACTION]<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION OF CLASS AND COLLECTIVE ACTION AND CLASS REPRESENTATIVE; APPOINTMENT OF COLLECTIVE AND CLASS COUNSEL; FINAL APPROVAL OF SETTLEMENT**<br><br>Date: April 4, 2019<br>Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

The parties to this action having entered into a Joint Stipulation of Settlement and Release (Settlement Agreement) and having applied to this Court for preliminary and final approval of the Settlement Agreement and the terms thereof; this Court on September 6, 2018, having granted preliminary approval to the Settlement Agreement and having directed notice of the Settlement Agreement, its terms, and the applicable procedures and schedules to be provided to proposed class and collective action members; this Court having set a final Fairness Hearing for April 4, 2019 to determine whether the Settlement Agreement should be granted final approval, pursuant to Federal

Rule of Civil Procedure 23(e), as "fair and reasonable;" and all proposed class and collective action members having been given an opportunity to comment on the settlement;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, upon consideration of the Settlement Agreement, the parties' briefs, declarations, and oral arguments in support thereof, and the proceeding to date in this action, as follows:

1.  This Court has jurisdiction of the subject matter of this litigation and all matters relating thereto, and over the parties.

2.  This Court confirms as final its conditional certification of the Class, as defined in the Settlement Agreement and its September 6, 2018 order, for purposes of settlement and based on the findings in its September 6, 2018 order and the absence of any objections from any Class Members to such certification.

3.  This Court confirms as final its preliminary designation, in its September 6, 2018 order, of the Class and FLSA collective action, for the purposes of settlement and based on its findings in the September 6, 2018 order and the facts that (1) approximately 40% of the class and collective action members returned claim forms to collect from the proposed settlement, and (2) no one objected to the designation of the case as a collective action.

4.  The Court confirms as final the appointment of Ray Strong as class representative of the Class under Rule 23 and under 29 U.S.C. § 216(b).

5.  The Court confirms as final the appointment of Mastagni Holstedt, A.P.C. as Class Counsel.

6.  The notice and claim forms given to the class members represented the best practicable notice under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, due process, the United States Constitution and any other applicable law.

7.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval to the Settlement Agreement and the settlement set forth therein. The Court finds the settlement is fair, reasonable, and adequate in all aspects and that it is binding on all Class Members who did not timely opt out pursuant to the procedures set forth in this September 6, 2018 order and

the Settlement Agreement. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the plaintiffs and defendant, after thorough factual and legal investigation.

8. The Court further finds that the response of the Class to the settlement supports settlement approval. Approximately 40% of Class Members submitted timely claim forms, and no one submitted an objection.

9. The Court finds the proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members filing timely claims are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement Agreement.

10. The Court finds the proposed representative service payment of $10,000.00 is fair and reasonable in light of Mr. Strong's service, and so awards Mr. Strong $10,000.00 as a representative service payment.

11. The Court finds the Plaintiff's request for $125,000.00 in fees and costs, from the global settlement, is fair and reasonable, given the amount and quality of the work performed on behalf of the Class, and the risk Plaintiff's counsel assumed in litigating this action. The Court finds that the hourly rates claimed by Plaintiff's counsel are reasonable in light of each attorney's experience and qualifications.

12. The Court awards Plaintiff's Counsel $125,000.00 from the global settlement amount, reflecting an award of $118, 625.60 for attorney fees, and $6,374.40 in costs.

11. The Complaint filed in this action and all claims contained therein are dismissed in their entirety with prejudice as to all Class Members.

12. By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the release set forth in the Settlement Agreement, as to all Class Members. The Court has reviewed

the release in the Settlement Agreement and the Court finds it to be fair, reasonable, and enforceable under the FLSA and all other applicable law.

13. The parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Classes, individually or collectively, all such liability being expressly denied by Defendants.

14. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

**IT IS SO ORDERED**.

Dated: 4/4/19

_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE